DAVID DITCH, plaintiff in error *v.* ELVIRA L. EDWARDS, executrix of Ninian Edwards, deceased, defendant in error.

*Error to Monroe.*

A return to a summons signed by a person as "deputy sheriff," without using the name of the sheriff, is erroneous and void.

If judgment be rendered by default, against a defendant who has not been served with process, the proceedings are *coram non judice.* But the reversal of such a judgment does not affect the rights of the plaintiff below.

A cause will not be remanded, where the proceedings in the Court below are *coram non judice.*

J. B. THOMAS and D. PRICKET, for the plaintiff in error.

N. W. EDWARDS, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This is a writ of error to the Monroe Circuit Court. The error relied on, is that the summons is returned by a person who signs his name as deputy sheriff, without using the name of the sheriff. At the return term, a judgment was rendered by default. This was clearly erroneous according to the decision in the case of Ryan *v.* Eads.(1) The defendant's counsel, on the argument, conceded that the judgment must be reversed, but requested that the cause might be remanded to the Circuit Court for further proceedings. This Court has power to remand causes for further proceedings, where there remains anything in the Court below that is legal. In this case, so far as the defendant below is concerned, (he not having appeared, and there being no service by the sheriff,) the cause must be considered as *coram non judice,* and consequently there can be nothing to remand. The reversal of the judgment below, however, cannot impair the rights of the plaintiff below; if she has a cause of action, it still exists, and is in no wise impaired by the judgment below, and its reversal in this Court. The judgment is reversed with costs.

*Judgment reversed.*

(1) Breese 168.