PETER MOON

*v.*

THE MAYOR *et al.*

*Opinion filed February 21, 1905.*

1. MANDAMUS—*one seeking to enforce rights as an officer must show he is an officer de jure.* One seeking by *mandamus* to compel his restoration to the office of police patrolman must show in the petition that the office legally exists and that he is lawfully entitled to hold the same and exercise the duties and powers thereof.

2. SAME—*de facto officer cannot claim benefit of act of April 2, 1903.* A showing in a petition for *mandamus* that the petitioner was a *de facto* member of the police department does not entitle him to claim the protection of section 12 of the Fire and Police Commissioners act of 1903, (Laws of 1903, p. 99,) providing that no member of the fire or police department who shall have been

such for more than one year prior to the passage of the act shall be discharged except for cause, upon written charges.

3. OFFICE—*office of police patrolman must be created by ordinance.* The office of police patrolman or policeman, to have a legal existence, must be created by ordinance, and it cannot be created by appointment of an incumbent by the mayor and confirmation of the appointment by the council, nor by the mere appropriation of money to pay the salary or compensation of the incumbent.

4. SAME—*when ordinance does not create office of policeman.* An ordinance providing that the police department of the city shall consist of certain officers, who shall be *ex officio* members, and as many policemen as the city council may from time to time provide for, etc., does not create the office of policeman.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

THOMAS J. SMITH, and WESLEY E. KING, for appellant.

F. B. HAMILL, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a petition filed in the circuit court of Champaign county by the appellant for a writ of *mandamus* commanding the appellees, the mayor, chief of police, aldermen and fire and police commissioners of the city of Champaign, to re-instate him to the position of patrolman in the police department of said city, from which position, it was alleged in the petition, he had been unlawfully removed by the chief of police, acting under the direction of the mayor and city council of the said city. A demurrer was sustained to the petition by the circuit court. The petitioner abode his pleading, and judgment was entered dismissing the cause at the cost of the petitioner. The Appellate Court affirmed the judgment, and the case is before us on this further appeal.

The petition alleged that the petitioner was on the 7th day of May, 1901, appointed by the mayor to the office of

patrolman in the police department of the city of Champaign, and that the city council afterwards, on the 14th day of May, 1901, by a unanimous vote consented to and approved said appointment; that he thereupon qualified according to law and entered upon the performance of the duties of said office, and performed such duties and received the salary therefor until the 6th day of May, 1903, when, without any charges being preferred against him, the chief of police, acting under the direction of the mayor, assumed to discharge and remove him from said position. The petition also contained copies of certain ordinances of the city of Champaign, showing, as the petitioner contends, the creation of the office of patrolman, and authorizing the appointment of policemen or patrolmen by the mayor, with the consent of the city council. The petition further alleged that on the 21st day of April, 1903, the city of Champaign, at a regular election, adopted the act of the legislature providing for the appointment of a board of fire and police commissioners in all cities of the State having a specified population, and prescribing the powers and duties of such board, (5 Starr & Cur. Stat. p. 93,) and that the act came into full force and effect in the city of Champaign on the 28th day of April, 1903; that on that date, and for more than one year prior to the passage of the act, the petitioner was and had been a member of the police department of the city of Champaign, and by the provisions of section 12 of said act was entitled to continue in the discharge of the duties of his position and to receive the salary thereof unless discharged or removed by the board of fire and police commissioners for cause, after a hearing on written charges.

Though said section 12 of the said act of April 2, 1903, provides that "no officer or member of the fire or police department of any such city, who shall have been such for more than one year prior to the passage of this act, * * * shall be removed or discharged except for cause, upon written charges," etc., still we think that it was not sufficient to

entitle appellant to the writ that it should appear from the petition merely that the petitioner was *de facto* a member of the police department of the city. The petition asserts the individual right of the petitioner, based upon his alleged official character, to exercise the duties and authority of the office and to receive the salary provided therefor. The rule is, that when one claims rights as an officer by virtue of his office, it must appear that the office legally exists, and that he is lawfully entitled to hold the same and exercise the duties and powers thereof. He must show that he is an officer *de jure*. It is not enough that as to the public or as to third persons he is acting in an official character, and that as to them his acts, in his official capacity, have the force and virtue of the acts of an officer *de jure*. (*People* v. *Weber,* 89 Ill. 347; *Stott* v. *City of Chicago,* 205 id. 281; *People ex rel.* v. *City of Chicago,* 210 id. 479.) It was therefore essential that the petition should show that he was an officer *de jure* and not merely a *de facto* policeman.

It does not appear from the petition that the office which the appellant claims the right to hold and exercise had or has legal existence. The office of police patrolman or policeman, of which the petitioner claims he was the legal incumbent, if it existed at all, must have been created by an ordinance of the city of Champaign. (*Stott* v. *City of Chicago, supra; People ex rel.* v. *City of Chicago, supra.*) The petition set forth the adoption by the city council of the city of Champaign of an ordinance establishing a police department. Section 355 of this ordinance, which seems to be relied on by appellant as creating the office of policeman, is as follows: "The police department of the city of Champaign shall consist of the mayor, the aldermen, the police magistrate, who shall be *ex officio* members of the police department, and a chief of police, and as many policemen as the city council may from time to time provide for, and one keeper of the city prison, and such other officers as are given police power by ordinance of the city." This section of the ordinance

does no more than to create the police department of the city. and to declare what officers of the city should compose the department. The provision that the police department should consist, in part, of "as many policemen as the city council may from time to time provide for," cannot be construed to create any one or more offices of policemen of the city. Its true meaning is, that the police department of the city shall comprise such policemen as shall be legally invested with that office. The section does not, itself, purport to create the office of policeman, and it has no such legal effect. It does not appear from the petition that the city council had before that adopted an ordinance creating the offices of policemen of the city or that such an ordinance has since then been adopted. The office of policeman or police patrolman was unknown to the common law. It exists, therefore, only when created by the statute or by a municipal ordinance adopted by authority of the statute. As explained in *Stott* v. *City of Chicago, supra,* the office of policeman is not created by statute. The different municipalities of the State may, by ordinances adopted by the city councils in cities or by the boards of trustees in villages, create the office, otherwise no such office legally exists.

The petition alleges that the mayor of the city sent to the city council the name of the petitioner as an appointee to the position of police patrolman and that the city council approved the appointment, and that he has since, until, as he alleges, unlawfully removed, performed the duties of the office and received the compensation. Neither appointment by the mayor nor confirmation by the council, or both, can operate to create an office. Nor can an office be legally established by the appropriation of the public money, by ordinance, to the payment of the salary or compensation of the person acting as an officer.

The demurrer was properly sustained. The judgment is affirmed.

*Judgment affirmed.*