## Frank B. Gay v. City of Chicago.

### Gen. No. 12,186.

1. FINE—*what essential to recover alleged illegal, imposed by civil service commission.* In order that one suing to recover a fine alleged illegally to have been imposed upon him as a patrolman by the civil service commission, it must be shown by the proof, among other things, that the office of patrolman existed and that the plaintiff held such office.

2. FINE—*when alleged illegal, imposed by civil service commission, cannot be recovered.* One claiming as a patrolman to have been made the subject of an illegal fine cannot recover the same where it appears that without protest he accepted his salary less the amount of such fine deducted therefrom and made no claim for the amount so deducted for a period of about five years.

Action commenced before justice of the peace. Error to the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed February 20, 1906.

**Statement by the Court.** Plaintiff in error obtained judgment against the city before a justice of the peace, from which the latter appealed to the Circuit Court where judgment was rendered in favor of the city. From that judgment this writ of error is prosecuted.

Plaintiff in error (hereinafter called plaintiff) was employed by the city as a police patrolman. He sues to recover the amount of certain fines imposed by the police trial board, which were deducted from his salary. His claim is that the trial board, said to be a standing committee of the Civil Service Commission, had no authority nor jurisdiction to impose the fines in controversy. Plaintiff claims that he "objected and protested" to the person from whom he received his pay checks against any money being deducted. It ap-

pears, however, that he duly signed the pay roll receipting for the amount paid him less the fines "in full for all services as stated." No other objection or protest seems to have been made by plaintiff until after he was discharged from the force, five years after the first deduction of fines now complained of.

A. D. GASH and JAMES H. HOOPER, for plaintiff in error.

CECIL PAGE, Assistant Corporation Counsel, for defendant in error; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged in plaintiff's behalf that the fines in question were illegal and void, since, as it is claimed, the Civil Service Commission had no jurisdiction or power to impose them; and it is assumed that as a police patrolman plaintiff was a public officer, that as such officer he was entitled to the full salary of the office, and that the deduction of the fines was a reduction of the salary of the office.

The question as to the jurisdiction of the trial board to impose the fines referred to is not argued on either side. It is contended in behalf of the city, that as police patrolman plaintiff has not shown that he was an officer of the city, nor that he was ever appointed to such an office if it existed, nor that any money was ever appropriated to pay him. It is true apparently that there is no evidence in the record tending to show the existence of such an office as patrolman. Appropriation ordinances of the city showing appropriations for the years 1899 and 1902, during which years plaintiff testifies that he was "a patrolman in the employ of Chicago," were put in evidence, and show an appropriation in each year for "2,178 patrolmen at $1,000 per annum, $2,178,000," but there is no other evidence even tending to show that such an office legally existed. Nor does it appear that plaintiff was ever "an officer *de jure* and not merely a *de facto* policeman," as was held to be essential in Moon v. Mayor, 214 Ill., 40–43. The office of policeman or police patrolman was.

unknown to the common law. It was said in that case that it could only be created "by the statute or by a municipal ordinance adopted by authority of the statute." The office is not created by statute, but it may be created by city ordinances. See also Stott v. City, 205 Ill., 181; McNeill v. City, 212 Ill., 481–487. Proof of such creation was necessary and we find no such evidence in the record. It was further necessary to show that the Civil Service Commmissioners, as provided in section 3 of the Civil Service Act (R. S. chap. 24, sec. 448), "had classified the offices and that the office held by him was placed in the classified service." Stott v. City, 205 Ill., 281–294. In Moon v. Mayor, *supra,* it is said that an office cannot "be legally established by the appropriation of the public money by ordinance to the payment of the salary or compensation of the person acting as an officer."

If we assume, however, that such an office as patrolman existed, of which, as we have said, there is no evidence in the record, it appears that plaintiff acquiesced in the deduction from his salary of which he now complains. He testifies: "I told the paymaster when he was giving me my checks on those two days that I objected and protested against any money being deducted from my salary for that month. On each occasion I told the paymaster that I protested against anything being deducted from my pay on account of a fine." Yet he signed and receipted a pay roll which recites his name and address, the amount of the fines in each case, the balance due and that he "Received the sums set opposite our respective names in full payment for services as stated." The protest he says he made was to the paymaster. This paymaster so far as appears may have been and probably was a mere clerk with no authority whatever to represent or act for the city further than to deliver pay checks and obtain receipts. Such protest must be deemed as of no force or effect so far as the city is concerned. He was under no necessity of taking the check for the reduced amount. There was no force, no threat, no persuasion, nothing in the nature of duress. If we assume that the deduction was unlawful, he made no effort to call the attention of the proper authorities

of the city to his objection until nearly five years had elapsed. There is no evidence that the matter was called to their attention in any way at that time, if ever, before the suit was brought. A payment of a fine made under such conditions is voluntary (Siegel Cooper Co. v. Schueck, 67 Ill. App., 296–299), and having been so made, no action will lie to recover it. . Village of Morgan Park v. Knopf, 199 Ill., 444–446. This conclusion makes it unnecessary to consider other points argued. We are of opinion that in any view of the facts plaintiff must be deemed to have waived whatever right to the amounts deducted for fines he might otherwise have asserted, if any.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*