## Daniel J. Gillen, Appellee, v. City of Chicago, Appellant.

### Gen. No. 14,089.

This case is controlled by the decision in Bullis *v.* City of Chicago, 235 Ill., 472.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and judgment here. Opinion filed July 9, 1909.

EDWARD J. BRUNDAGE, CLYDE L. DAY and EMIL C. WETTEN, for appellant.

A. D. GASH, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This appeal is prosecuted by the city of Chicago, appellant, from a judgment of the Superior Court in favor of appellee, Daniel J. Gillen, in an action in assumpsit to recover of appellant an amount claimed to be due appellee for his salary as police patrolman of appellant.

The pleadings consist of the declaration containing the common counts and a special count and a plea of the general issue. The special count alleges various ordinances of the city of Chicago and a certain order of the city council, and that a certain number of offices of police patrolmen of the city of Chicago were created, and that appellee was appointed to one of said offices and still is a police patrolman of the city of Chicago and has a right to be paid as such officer.

The court is not aided in its consideration of this case by any brief and argument on behalf of appellee. The record in this case presents substantially the same material facts involved in the case of Bullis v. City of Chicago, 235 Ill. 472. The same ordinances, council order and civil service rules, which were before the

Supreme Court in the Bullis case, are presented by this record, and are relied on by appellee to establish the existence of the office of patrolman of the city of Chicago, which appellee claims he occupied. No other ordinances, orders or civil service rules were introduced in evidence in this case than those which were offered in the Bullis case, and were passed upon in deciding that case. The Supreme Court in that case held that, inasmuch as it was not shown by proper evidence that the office of police patrolman had been created in the manner provided by law, there could be no recovery of salary for such office. This case is controlled by the Bullis case, *supra,* and therefore the judgment is erroneous. The case was submitted to the trial court without a jury for trial. Judgment will be entered here accordingly.

The judgment of the Superior Court is reversed, and judgment in favor of appellant, city of Chicago, and against appellee, Daniel J. Gillen, for costs is entered in this court.

*Reversed and judgment here.*

MR. JUSTICE MACK took no part in the consideration of this case.