## Daniel J. Gillen, Appellee, v. City of Chicago, Appellant.

### Gen. No. 17,921.

1. CIVIL SERVICE—*no office of police patrolman exists in Chicago.* In an action by a police patrolman who was wrongfully discharged and afterward reinstated, against the City of Chicago for salary during the period when he was prevented from serving, it is incumbent on him to show the legal existence of the office of police patrolman and his legal right to hold it, and for such purpose a city ordinance appropriating money for the payment of salary to the person acting as such officer is not competent, nor is the city estopped from denying that he was a *de jure* officer by the fact that its civil service commission has certified pay rolls containing his name, or filed charges against him as patrolman, where the evidence does not establish the fact of the existence of the office or position of police patrolman.

2. MUNICIPAL CORPORATIONS—*an "office" must be created by statute or ordinance.* In the City of Chicago there exists no "office" or "position" of police patrolman, no statute or ordinance having created such office, and it cannot be created by a resolution of the common council.

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed. Opinion filed February 11, 1913. Rehearing denied and opinion modified and refiled February 26, 1913.

WILLIAM H. SEXTON and EDWARD T. WADE, for appellant.

A. D. GASH, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Judgment in this case was rendered against the City of Chicago for the salary to which plaintiff claimed to be entitled for the period of several years during which he was prevented from acting as a police pa-

trolman. It appears that he was wrongfully discharged (City of Chicago v. Gillen, 222 Ill. 112) and was afterwards reinstated. The case was heard by the Superior Court without a jury, on a stipulation of facts. The stipulation included ordinances of the city, resolutions of the common council, and other proceedings, making in this respect, so far as we are able to determine, a record substantially like that before the court in the case of Bullis v. City of Chicago, 235 Ill. 472. In the case last referred to the Supreme Court held in effect that there could be no recovery based upon the evidence in the record. A previous suit had been brought by Gillen against the City of Chicago, and it was held by this court, under the authority of Bullis v. City of Chicago, *supra,* that no recovery could be had. Gillen v. City of Chicago, 150 Ill. App. 207. Thereafter the present suit was begun by Gillen. The judgment rendered in this court in the first suit was not pleaded in the Superior Court in this case as *res adjudicata.* Counsel now representing the appellant took no part in the trial of the case in the Superior Court. It is quite clear that the cause of action, parties and subject-matter are identical, and they are frankly admitted to be so by counsel for the appellee in his brief. It is stated in the brief: "Gillen, the appellee, when he lost his case in this court upon the theory of his being an *officer* and entitled to the salary as appropriated, started this suit to recover, as an employee, the moneys or wages appropriated for him in the position or employment of patrolman. In the stipulation appellant stipulated that appellee had made numerous attempts to secure employment but could not secure any employment and that during the interval he was unable to earn any wages on account of not being able to obtain employment and that during said interval he received no wages nor salary."

It is argued by the appellee that the case of Bullis v. City of Chicago, *supra,* and the other cases to which

reference will hereinafter be made, are not controlling of the case now before the court, because they were presented upon a different theory. It is claimed that the case comes within the doctrine announced in City of Chicago v. Luthardt, 191 Ill. 516. In that case it appeared the appellee, Luthardt, had been examined by the civil service commissioners of Chicago, pursuant to the Civil Service Act of 1895 and of rules adopted by the commissioners thereunder, and was certified, selected and appointed as chief clerk of the detective bureau of the Department of Police at an annual salary of $1,500. He was ordered to be restored to his position by mandamus (Kipley v. Luthardt, 178 Ill. 525), and judgment for the salary he would have received during the nine months he was prevented from occupying the position was affirmed. In the case of Bullis v. City of Chicago, *supra,* it appeared that Bullis, having taken the examination under the Civil Service Act, was certified for appointment on March 14, 1898; that he continued in his employment until November 1, 1903, when he was suspended by the chief of police under charges, and after hearing thereon before the civil service commissioners was discharged on January 15, 1904. On certiorari proceedings begun by Bullis in the Superior Court of Cook county, the proceedings so resulting in his discharge were quashed and the judgment affirmed by the Supreme Court. Powell et al. v. Bullis, 221 Ill. 379. He was reinstated on June 1, 1906, and thereupon began a suit for his salary from the date of the suspension until his reinstatement. Judgment was entered in his favor in the Superior Court and affirmed in the Appellate Court (138 Ill. App. 297). The judgment, however, was reversed by the Supreme Court (235 Ill. 472), because, as held by that court, improper evidence was introduced. This evidence consisted of Article 1 of Chapter 51 of the Revised Code of the City of Chicago, extracts from proceedings of the city coun-

cil of January 5, 1903, also appropriation ordinances for corporate purposes of the City of Chicago for the years 1901, 1903, 1904, 1905 and 1906. Passing upon the question, the court said:

"This resolution and the appropriation ordinances were offered for the purpose of showing the number of patrolmen authorized to be appointed. The resolution referred to the number of police officers authorized to be appointed under the appropriation budget of 1901. Since the resolution was not competent neither was the ordinance. The other appropriation ordinances were not competent, for it is not claimed that if there was no statute or ordinance establishing the office it could be legally established by the appropriation of money, by ordinance, to the payment of a salary to the person acting as an officer, and clearly it could not be. (Moon v. Mayor, 214 Ill. 40, *supra,* Kenneally v. City of Chicago, 220 Ill. 485, *supra*). Section 1477 of the revised code, in providing that the police department should embrace as many patrolmen 'as has been or may be prescribed by ordinance,' cannot be regarded as creating any office of patrolman. (Moon v. Mayor, *supra*). The word 'prescribed,' as there used, is equivalent to 'established.' On this record, whatever may be the fact, this evidence offered by appellant to prove that he was a police patrolman was not competent for that purpose.

"It is argued that the appellant is estopped to deny that the appellee was a *de jure* officer by the fact that charges were filed against appellee as a patrolman. The classification of the officers and places of employment in the city by the civil service commission could not establish an office which was not in existence before. The carrying of appellee's name upon the payroll or the certification by the civil service commission of pay-rolls containing his name was not evidence of the legal existence of his office of police patrolman. (Kenneally v. City of Chicago, *supra*). If there was no such office as that which appellee was claiming to hold, it was wholly unnecessary to file charges against him to discharge him from the employment of the city.

He might be discharged at any time without cause and without notice. The fact that charges were preferred against him and a hearing had has no element of an estoppel.''

In a preceding part of the opinion the court said:

''The appellee by his suit was demanding the salary of the officer of police patrolman, and it was therefore incumbent on him to show the legal existence of the office and his legal right to hold it. (Stott v. City of Chicago, 205 Ill. 281; People v. City of Chicago, 210 Ill. 479; McNeill v. City of Chicago, 212 Ill. 481; Moon v. Mayor, 214 Ill. 40; Kenneally v. City of Chicago, 220 Ill. 485).''

The mere fact that, as stated by appellee's counsel, the *theory* of the case now presented to the court is different from that of the preceding suit brought by the appellee, does not, in our opinion, warrant a recovery, providing the facts as disclosed in the two cases are substantially the same. If, as held in Bullis v. City of Chicago, *supra,* the evidence shown in the record did not establish the fact of the existence of the office or position of police patrolman, and if the evidentiary facts upon that proposition in that case and this are substantially the same, as we hold them to be, then a recovery may not be allowed in the case now under consideration. We are unable to make the distinction attempted to be drawn by counsel for appellee between the words ''position'' and ''office.'' In the Luthardt case, *supra,* the court apparently found that the ''office'' or ''position'' of chief clerk of the detective bureau existed. In the Bullis case the finding seems to have been that no ''office'' or ''position'' of patrolman existed in the City of Chicago; that such a position or office had not been created by ordinance, and that such a position or office could not be created by resolutions of the common council.

For the reasons stated the judgment of the Superior Court must be reversed.

*Reversed.*