## John W. Belmont, Plaintiff in Error, v. City of Chicago, Defendant in Error.

## Gen. No. 21,817.

1. APPEAL AND ERROR, § 866*—*what insufficient abstract.* An index of the record is not a sufficient abstract of the record.

2. OFFICERS, § 36*—*when burden of proof on claimant of office.* One claiming the right to an office or position must show the legal existence of the office or position and his legal right to hold it.

3. MUNICIPAL COURT OF CHICAGO, § 4*—*who may remove deputy bailiffs.* Under the provisions of section 17 of the Municipal Court Act (J. & A. ¶ 3329), a deputy bailiff may be removed either by an order signed by a majority of the judges of the Municipal Court or he may be removed by the bailiff.

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 14, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

E. I. FRANKHAUSER, for plaintiff in error.

SAMUEL A. ETTELSON, for defendant in error; ROY S. GASKILL and GEORGE A. CURRAN, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit in the Municipal Court; from the abstract of record filed in this court it appears that there was filed in the Municipal Court "a statement of claim and affidavit of plaintiff's claim;" we are given no more information concerning it. The abstract also indicates that there was a trial and "final judgment," but the nature of the judgment is unrevealed. We might properly affirm the judgment upon the presumption that it is right. An index to the record is not an abstract of record.

From the briefs it appears that plaintiff brought suit for salary as deputy bailiff of the Municipal Court, and that after trial it was adjudged that he take nothing.

Plaintiff was formerly employed as a deputy bailiff of the Municipal Court, and served from January 16, 1911, to September 11, 1911, when he was discharged by Thomas Hunter, then bailiff of the Municipal Court. On November 3, 1911, the judges of the Municipal Court ordered that plaintiff be restored to his position, and on that date he re-entered upon the duties of deputy bailiff. This suit is for salary from September 11th to November 3rd, the period of time of his discharge.

A person claiming the right to an office or position must show the legal existence of the office or position and his legal right to hold it. *Moon v. Mayor*, 214 Ill. 40; *Bullis v. City of Chicago*, 235 Ill. 472. Did plaintiff have a legal right to the position of deputy bailiff during the period of time of his discharge? This depends on whether he was legally discharged. Section 16 of

the act in relation to the Municipal Court of Chicago (chapter 37, Hurd's Ill. St., J. & A. ¶ 3328) provides for the creation of the office of bailiff of the Municipal Court and for his election thereto.  By section 17 (J. & A. ¶ 3329) it is provided that "said bailiff shall appoint such number of deputies as may be determined, from time to time, by a majority of the judges of the municipal court by orders signed by them and spread upon the records of said court.  *   *   *   Any deputy bailiff shall be subject to removal for cause upon proper notice, hearing and proof at any time by an order signed by a majority of the judges of the municipal court and spread upon the records of said court.  Any deputy bailiff may likewise be removed by the bailiff: *Provided, however,* that any deputy bailiff so removed may be restored to his position by an order signed by a majority of the judges of said municipal court and spread upon the records of said court."

There is no ambiguity or inconsistency in these provisions.  A majority of the judges may remove a deputy bailiff, or the bailiff may remove a deputy bailiff.  The fact that subsequently a majority of the judges may restore to his position any deputy bailiff who has been removed by the bailiff does not take away the power of the bailiff to remove.  We are not impressed by the argument that the power given the judges to remove is in direct conflict with the power given to the bailiff to remove a deputy bailiff.  It follows that when Hunter, the bailiff, discharged plaintiff on September 11th, he was legally acting under the authority of the statute, and the discharge, as far as plaintiff was concerned, was effective and complete and would remain so until a majority of the judges might conclude to restore him.

Plaintiff having failed to prove his legal right to the office during the period for which salary is claimed, is not entitled to recover, under the authorities above cited, and the judgment is affirmed.

*Affirmed.*