## William Crippen et al., Appellants, v. City of West Frankfort, Appellee.

MUNICIPAL CORPORATIONS—*policeman cannot be de facto where office not created.* Under the provisions of Cahill's Ill. St. ch. 24, ¶ 76, the office of policeman can be created only by ordinance which must, in accordance with Cahill's Ill. St. ch. 24, ¶ 7, fix the term of office, prescribe the duties and define the powers of the officer, and an ordinance which simply provides that the city officers shall consist of certain officers, including a chief of police and that "other policemen may be appointed by the mayor by and with the consent of one-half majority vote of all the aldermen authorized by law to be elected" did not create the offices of policemen and persons appointed as such by the mayor but not confirmed by the council could not be officers *de facto* thereunder and were not entitled to recover services rendered.

Appeal by plaintiffs from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed April 11, 1924.

R. E. SMITH, for appellants.

FRANK E. TROBAUGH, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

William Crippen, Thomas McMurphy and Del Monroe were policemen and were reappointed by the mayor on June 5, 1922, for one month, but the council refused to confirm them. Quo warranto proceedings were soon brought against them and judgment of ouster was entered on July 20, 1923. Each brought a suit to recover for his services which resulted in judgments in favor of appellee. They were not entitled to recover for the reasons stated in the foregoing opinion. There is an additional reason why they cannot recover. The office of policeman can only be created by ordinance. Cahill's Ill. St. ch. 24, ¶ 76; Stott v. City of Chicago, 205 Ill. 281; Moon v. The Mayor, 214 Ill. 40. The ordinance must fix the term of office, prescribe the duties and define the powers of the officer. Cahill's Ill. St. ch. 24, ¶ 7. The ordinance in question does not specify the number of policemen to be appointed nor the length of time they shall serve and simply provides that the city officers shall consist of certain officers including a chief of police and that "other policemen may be appointed by the mayor, by and with the consent of one-half majority vote of all the aldermen authorized by law to be elected." Where an ordinance provided that the police department of the city should consist of certain officers and "as many policemen as the city council may from time to time provide for," it was held that the office of policeman was not created. Moon v. The Mayor, supra. We are of the opinion

that the ordinance in question does not create the office and appellant could not be an officer *de facto* thereunder. *People v. Knopf*, 183 Ill. 410-413. The judgment in each of said cases is affirmed.

*Affirmed.*