City of Chicago, Appellant, v. County of Cook,
Appellee.

Gen. No. 43,950.

Opinion filed May 26, 1948. Released for publication June 10, 1948.

BARNET HODES, Corporation Counsel and JOSEPH F. GROSSMAN, Acting Corporation Counsel, for appellant; L. LOUIS KARTON, Head of Appeals and Review Divi-

sion, NORMAN N. EIGER and HERMAN SMITH, Assistant Corporation Counsel, of counsel.

WILLIAM J. TUOHY, State's Attorney, for appellee; JACOB SHAMBERG, GORDON B. NASH, JACOB L. SHEER and GEORGE B. DUGGAN, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is an action to recover fees of the clerk and bailiff of the municipal-court of Chicago under the provisions of section 57 of the Municipal Court Act (Ill. Rev. Stats. 1945, ch. 37, par. 417 [Jones Ill. Stats. Ann. 108.085]), in certain criminal and quasi-criminal cases filed in that court during 1944, aggregating the sum of $276,392.

On plaintiff's motion a summary judgment was entered on April 23, 1945, against the defendant county for $242,221. This judgment is not challenged by either party. The present controversy involves only the balance of the city's claim against defendant of $34,171.

After issues were joined all the material facts were stipulated by the parties. According to paragraph 2 of the amended stipulation the controverted claims for fees of the clerk and bailiff of the municipal court of Chicago fall into four classes: "A" where a *capias* was served upon the defendant by a police officer and a return was made by such police officer in his own name and not in the name of Albert J. Horan, bailiff of the municipal court. The total amount involved in cases of this nature aggregates the sum of $6,062.

"B" where a *capias* was issued by the clerk by order of the court and delivered to a police officer who attempted to serve the defendant but in each of said cases the defendant could not be found and the *capias* was in each of said cases returned "not found" but not in the name of Albert J. Horan, bailiff of the mu-

nicipal court. The total amount involved in cases of this nature aggregates the sum of $3,858.

"C" where a *capias* was served upon the defendant by a police officer but where the police officer making the service filed a return which was incomplete in that it failed to contain the name of Albert J. Horan, bailiff of the municipal court of Chicago or the name of the police officer or the name of any other person executing the writ. The total amount involved in cases of this nature aggregates the sum of $36.

"D" where the court found an offense had been committed and there was probable ground to believe the defendant guilty and the defendant was held over by a judge of the municipal court to the criminal court of Cook county. The total amount involved in cases of this nature aggregates the sum of $24,215.

Upon a hearing the court found the issues for the defendant and against the plaintiff upon the amounts claimed by plaintiff in the classes of cases designated in the amended stipulation as "A," "B," and "C," for the sums of $6,062, $3,858, and $36, respectively; and found the issues for plaintiff and against defendant for the fees claimed in cases described as class "D" amounting to $24,215, and entered judgment accordingly.

Plaintiff appeals from that portion of the judgment which found for defendant in the first three classes of cases "A," "B," and "C" aggregating $9,956; and defendant has filed a cross-appeal from that part of the judgment finding the issues for the plaintiff in its claim for fees against defendant in cases described as class "D," amounting to $24,215.

In all the cases described as class "A" in the amended stipulation each *capias* was served upon the defendant by a police officer of the City of Chicago and the return was made in his own name.

The first question presented is whether the return by a police officer in his own name bars the city from recovering the bailiff's statutory fees.

Section 57 of the Municipal Court Act provides that "The fees of the clerk and the bailiff in criminal and quasi-criminal cases and proceedings when not collected from the defendants upon their conviction or when defendants are acquitted or discharged, and which remain unpaid at the end of each year, shall be paid out of the county treasury."

Section 17 of the Municipal Court Act provides that every "police officer of the City of Chicago shall be *ex officio* a deputy bailiff of the Municipal Court" and "shall perform from time to time such duties in respect to cases within the jurisdiction of the court as may be required of him by the court or any judge thereof."

The county maintains that a police officer has a right to serve a *capias* in his own independent capacity and authority as a police officer by virtue of section 2, division VI of the Criminal Code (Ill. Rev. Stats. 1945, ch. 38, par. 655 [Jones Ill. Stats. Ann. 37.630]).

Section 2 provides in substance that "It shall be the duty of every policeman . . . *having the power of a sheriff or constable* to execute all warrants, writs, precepts, and other process to him lawfully directed."

The office of policeman was unknown to the common law and wherever such office exists it is the creation of statute law or municipal ordinance. (*Bullis v. City of Chicago,* 235 Ill. 472; *Moon v. City of Champaign,* 214 Ill. 40.)

Since section 2, upon which the county relies, merely defines the duties of a policeman but it does not empower him to perform the acts of a sheriff or constable, we think that in the absence of a statute a police officer is without independent authority as contended for by the county, and that his right to serve a *capias* rests solely upon section 17 of the Municipal Court Act.

In their brief the county argues that even though police officers of the City of Chicago are deputy bailiffs

by virtue of section 17, the city cannot recover because the returns were not made in the name of the principal bailiff, Albert J. Horan, but in the name of the deputy, citing *Ryan v. Eads,* 1 Ill. 217, and *Ditch v. Edwards,* 2 Ill. 127.

County organizations are created in this State with a view to aid in carrying out the policy of the State at large for the administration of matters of political government, finance, education, taxing, care of the poor, military organizations, means of travel, and *the administration of justice.* (*County of Cook v. City of Chicago,* 311 Ill. 234.)

In the instant case, according to the stipulation, all of the fees claimed by the bailiff involve "criminal and quasi-criminal cases instituted in the Municipal Court in the name or by the authority of The People or in the name of a state or county officer in his official capacity." With respect to those criminal and quasi-criminal proceedings the county is the *alter ego* of the people and occupies a status not unlike that of a plaintiff in a civil suit. In the *Ryan* and *Ditch* cases last cited, upon which the county relies to support its position, the objections to the returns were there made by the defendant, and are therefore not in point.

Moreover the stipulation shows no question was raised, when the proceedings were instituted or at the trial, by either the county or the defendant in any of the cases on which the present action is predicated, to the service or the return of the *capiases* in question.

The amendment to section 57 in 1931, which directs the fees of the clerk and bailiff in certain criminal and quasi-criminal cases "which remain unpaid at the end of each year" shall be paid out of the county treasury was intended, we think, not only to excuse the county from paying these fees in advance but to assure payment to the clerk and bailiff for their services after they were rendered. In view of the purpose

of this provision of section 57, the county is precluded from raising technical objections to the return of *capiases* which might have been valid had they been interposed by the defendants in the cases here involved.

■ We hold that the court erred in finding the issues for the defendant and against the plaintiff in cases described as class "A" of paragraph 2 in the amended stipulation.

Turning now to a consideration of the cases described as class "B" in paragraph 2 of the amended stipulation, it appears that a *capias* was issued in each of these cases by the clerk of the municipal court by order of that court and delivered to a police officer who attempted to serve the defendant but failed, and that each *capias* was returned "not found" but not in the name of Albert J. Horan, bailiff of the court.

Section 57 of the Municipal Court Act provides that the bailiff's fees shall be the same as those fixed by law for sheriffs of the counties of the third class for similar services. The fees fixed by law for sheriffs in counties of the third class (Ill. Rev. Stats. 1945, ch. 53, par. 71 [Jones Ill. Stats. Ann. 48.054]) are, for serving each *capias,* $2, and for returning each writ or process, 50 cents.

It is not disputed that in each of the cases in this class a police officer made a bona fide attempt to serve the defendant as shown by the return in Exhibit B.

■ In our opinion the bailiff is entitled to a fee of 50 cents on each *capias* returned "not found," and that the court erred in finding the issues against the plaintiff and in favor of the defendant in the cases described as class "B" in paragraph 2 of the amended stipulation.

■ ■ As to the cases described in subdivision "C" of paragraph 2 of the amended stipulation, it is admitted that a *capias* was served upon the defendant by a police officer but that the officer making the service filed a return which did not contain his name or

the name of any person executing the writ. While the amount involved in these cases is only $36 the city asserts that such claims are recurring each year, and as we read the briefs the city is only claiming fees for service and not fees for a return, since none appears on the writ. In their brief the county says, "The only evidence that the writs in the category now discussed were served, and by whom, is the return; yet we have no such evidence. It may be that the writ was served by the sheriff of Cook County who has the power to serve the writ or any of the officers given such authority." We think this contention is without merit because the stipulation admits that the *capias* was served by a police officer and the record shows (Exhibit "C") that the defendants in these cases were served with a *capias*. In these cases we think the city is entitled to a fee for service of the *capiases* but no fee for a return, since none appears. Our conclusion would be otherwise but for the provision in the amended stipulation which states that service was made by a policeman.

Defendant's cross-appeal relates to fees of the clerk and bailiff in proceedings for the arrest, examination, commitment and bail of persons charged with criminal offenses where they have been bound over to the criminal court of Cook county and referred to as class "D" in the amended stipulation. The complaint alleges that the city's claims for costs in all holdover cases are based on a final judgment such as acquittal, dismissal, nolle pros, probation, and guilty. Attached to the complaint is an exhibit showing the uncollected costs of the clerk and the bailiff in each month for the year 1944 less probation costs paid. An affidavit of William Davoren, county auditor, attached to the affidavit of merits in reply to plaintiff's motion for summary judgment states that he made or caused to be made under his personal direction an audit of the books and records in the office of the clerk of the municipal court of

Chicago, and that he is familiar with the books and records in so far as those records pertain to cases filed in the name or by the authority of the People of the State of Illinois or in the name of any State or county officer in his official capacity; that his audit discloses that the sum of $24,215 represents costs charged against the county in a certain number of cases where the municipal court did not have jurisdiction to try the defendants on the various charges contained in the complaints filed therein; that the cases were subsequently transferred to the criminal court of Cook county, and that the municipal court of the City of Chicago did not complete the various proceedings.

In each of these holdover cases according to the stipulation the municipal court found that an offense had been committed and that there was probable ground to believe the defendant was guilty. In its brief the county says it does not raise the question of the municipal court's jurisdiction. It agrees that costs arising in the municipal court follow the defendant into the criminal court and are taxed at the end of the prosecution.

The sole contention of the county is that the city failed to prove the final disposition of those cases in which the defendants were held over to the criminal court. It maintains that the burden is upon the city to prove conviction (and nonpayment) or acquittal or discharge of the defendant in each case.

After the municipal court makes a finding of probable ground its function as examining magistrate is completed and the right of the clerk and bailiff to their fees has accrued.

The county auditors have access to all the books and records pertaining to the cases here involved. The affidavit of Davoren discloses that he examined those records and we therefore assume that the county had knowledge of the disposition made of these cases. In its answer to the complaint the county

made a mere general denial. It failed to aver either in its answer to the complaint or in the affidavit of merits in reply to the plaintiff's motion for a summary judgment that no final disposition was made or that all or some of these cases in class "D" are still pending. This is tantamount to an admission of the allegation in the complaint that the cases were disposed of as there alleged.

For the reasons assigned, that part of the judgment relating to the cases described as "A," "B" and "C" is reversed, and that part relating to cases described as class "D" is affirmed, and the cause is remanded for further proceedings not inconsistent herewith.

*Reversed in part, affirmed in part, and remanded with directions.*

KILEY and BURKE, JJ., concur.