254

CALUMET CITY PROFESSIONAL FIREFIGHTERS ASSOCIATION *et al.*, Plaintiffs-Appellants, v. ROBERT STEFANIAK, as Mayor of City of Calumet City, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—91—4128

Opinion filed February 16, 1993.—Rehearing denied March 10, 1993.

Cornfield & Feldman, of Chicago (Richard J. Tupper, of counsel), for appellants.

Vedder, Price, Kaufman & Kammholz, of Chicago (John Cassidy, Jr., and Gary A. Chamberlin, of counsel), and Thomas R. Bobak, of Calumet City, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiffs, Calumet City Professional Firefighters Association (the Union), Martin Bonic, and Charles Rybarczyk, brought this action for declaratory relief following Bonic's and Rybarczyk's layoffs from the Calumet City fire department (the department). The complaint sought a declaration of the parties' rights and liabilities under the statutes and ordinances at issue and the rescission of Bonic's and Rybarczyk's notices of layoff with reinstatement to their former positions. Defendant Robert Stefaniak was the mayor of Calumet City at the time of the layoffs, and defendant Louis Conneen was the chief of the department. Upon defendants' motion, the circuit court dismissed the action, and plaintiffs appeal.

We affirm.

Bonic and Rybarczyk were hired by the department on March 1, 1991. In letters dated July 15, 1991, Conneen informed both men that, effective July 31, 1991, they would be "on temporary layoff status from the City of Calumet City." Both men were informed that they would be contacted "in the event that this layoff should become unnecessary."

On July 31, 1991, plaintiffs filed their complaint in which they alleged that defendant Conneen had acted at the direction of defendant Stefaniak. According to plaintiffs, the layoffs were illegal because Stefaniak had not followed a Calumet City council ordinance which had appropriated city funds for 27 firefighters. Plaintiffs argued that, in laying off Bonic and Rybarczyk, Stefaniak had caused the number of city firefighters to fall below the number the city council had provided in its appropriation for the fiscal year 1992. By so doing, Stefaniak failed to perform his duties faithfully by failing to follow the mandate of the appropriation ordinance, thus rendering the layoffs illegal. Plaintiffs also alleged that Stefaniak's actions were "contrary" to the provisions of the Illinois fire and police commissioners act. The complaint, however, neglected to identify the specific provisions of the act which defendants allegedly violated. Plaintiffs did not allege any acts

of bad faith on the part of defendants, any violations of their seniority status, or any right to a hearing.

In response, defendants filed a motion to dismiss under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619) in which they argued that the appropriation ordinance did not mandate or require a specific number of firefighters to be employed by Calumet City. Attached to the motion was the affidavit of Stefaniak, in which he swore that the layoffs at issue were part of a city-wide "temporary layoff" necessitated by the "financial condition of the city." A total of 27 city employees from various departments were affected by the action. According to Stefaniak, in effecting the layoff, the City followed the Union's own policy in which those firefighters with the lowest seniority were laid off. In this case, both Bonic and Rybarczyk had the lowest seniority in the department.

The sole issue presented here is whether defendants possess the authority to lay off Bonic and Rybarczyk. Plaintiffs posit that defendants do not and raise two arguments in support of that view. In the first argument, plaintiffs assert that Stefaniak's actions in laying off Bonic and Rybarczyk were contrary to section 3—11—6 of the Municipal Code, which charges the mayor to ensure that all "ordinances are faithfully executed." (Ill. Rev. Stat. 1989, ch. 24, par. 3—11—6.) Plaintiffs contend that Stefaniak failed to faithfully execute the following provision of the Calumet City appropriation ordinance:

"*FIRE DEPARTMENT*
\* \* \*

70—1105 Fire Fighters (27) \*\*\* $987,511.00."

■ This language, plaintiffs argue, had the effect of establishing or creating 27 individual positions of firefighter and that those 27 positions could not be abolished by the mayor. This argument is without merit. Initially, we disagree with plaintiffs' assertion that Stefaniak "abolished" these positions. "Abolish," in its common usage, means "to do away with wholly." (Webster's Third New International Dictionary 4 (1986).) Clearly, under the facts presented here, the jobs at issue have not been done "away with wholly." A "layoff" connotes a temporary cessation of employment (see Webster's Third New International Dictionary 1282 (1986)), and the letters received by Bonic and Rybarczyk indicate that such was the case in Calumet City. Bonic's and Rybarczyk's positions were not permanently dissolved, and both men possess the statutory right to reinstatement to those positions when the city's financial condition improves. (See Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—18.) In other words, the department must first

offer to reinstate Bonic and Rybarczyk to the positions before it can offer those positions to anyone else.

█ In any event, the position of firefighter, like that of a police officer, exists only when created by statute or by a municipal ordinance adopted by authority of the statute. (*Moon v. Mayor* (1905), 214 Ill. 40, 44, 73 N.E. 408.) The different municipalities of the State may, by ordinances adopted by city councils, create the position. Absent this legislative action, no such position legally exists. (*Moon v. Mayor*, 214 Ill. at 44; *Stott v. City of Chicago* (1903), 205 Ill. 281, 288, 68 N.E. 736.) An appropriation ordinance which sets forth the number of employees to be paid by the municipality does not carry the legal effect of creating the position. *Bullis v. City of Chicago* (1908), 235 Ill. 472, 85 N.E. 614; *Moon v. Mayor*, 214 Ill. at 44; *Callaghan v. City of Chicago* (1937), 292 Ill. App. 638, 11 N.E.2d 215 (abstract of opinion); *Murphy v. City of Chicago* (1937), 292 Ill. App. 638, 11 N.E.2d 215 (abstract of opinion).

█ In view of the foregoing, Stefaniak did not contravene the city council's appropriation ordinance by laying off Bonic and Rybarczyk. That must be so because the appropriation ordinance cited by plaintiffs did not, in and of itself, create 27 individual firefighting positions. Moreover, plaintiffs have not pleaded the specific ordinance which creates the positions to which, they assert, Bonic and Rybarczyk must be reinstated. Such ordinances must be specially pleaded where, as here, the action or the right to the relief sought is predicated upon such ordinances. See *Stott v. City of Chicago*, 205 Ill. at 290-91.

We have reviewed the cases relied upon by plaintiffs in support of their position and find them to be unpersuasive in that they are factually and legally distinguishable from the present case.

█ In their second argument, plaintiffs contend the layoffs violated Bonic and Rybarczyk's rights under the Illinois fire and police commissioners act (the Act) (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—1 *et seq.*). We preface our discussion of this portion of plaintiffs' argument by noting that the Act is not intended to impinge upon a city's inherent right to make good-faith reductions in force for solely economic reasons. (*Kennedy v. City of Joliet* (1942), 380 Ill. 15, 21, 41 N.E.2d 957; *Hahn v. City of Harvard, Board of Fire Commissioners* (1992), 237 Ill. App. 3d 860, 605 N.E.2d 95.) The Act provides two distinct procedures for the removal of a firefighter from his job. Section 10—2.1—17 addresses removal and discharge for cause and sets forth the formal procedure for the adjudication of charges before a board of fire and police commissioners. (See Ill. Rev. Stat. 1989, ch.

24, par. 10—2.1—17.) Bonic's and Rybarczyk's layoffs were due to economic reasons and not due to any shortcomings or deficiencies in their performance as firefighters, which are the reasons usually associated with a discharge for cause. In view of these facts, we conclude that Bonic's and Rybarczyk's layoffs were not for "cause" and that the layoffs are not governed by section 10—2.1—17 and that section's attendant procedural formalities.

Section 10—2.1—18 provides that all layoffs due to reductions in force shall comply with seniority, with those laid off given the first right to reinstatement. (See Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—18.) Plaintiffs contend that the mayor has no power to order a reduction in force and that only the city council may so act. We cannot agree. The statute is silent as to the procedural format to be followed in the event of a reduction in force. The statute also omits reference as to which governmental body or official has the authority to implement good-faith layoffs for economic necessity. Because of this statutory silence, we are unable to conclude that only the city council or the board of fire and police commissioners, and not the mayor, is vested with the responsibility for implementing layoffs for economic reasons.

Despite these omissions, the statute does prescribe that seniority shall prevail during reductions in force. (See Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—18.) Plaintiffs, however, do not allege that Bonic's and Rybarczyk's seniority rights were not recognized nor do they contend that firefighters with less seniority were kept on. Indeed, defendants have stated for the record that, upon the improvement of the city's financial condition, Bonic and Rybarczyk would be given the first right of reinstatement, as is mandated by the Act. Accordingly, the record reflects that the Act was not violated during the reduction in force at issue.

In reviewing a dismissal of a cause of action, this court must determine whether the allegations, when interpreted in the light most favorable to the plaintiff, sufficiently set forth a cause of action upon which relief can be granted. (*Munizza v. City of Chicago* (1991), 222 Ill. App. 3d 50, 583 N.E.2d 561, appeal denied (1992), 144 Ill. 2d 635, 591 N.E.2d 24.) Plaintiffs' allegations do not. Accordingly, the circuit court correctly granted defendants' motion to dismiss.

The order of the circuit court is affirmed.

Affirmed.

CAMPBELL and BUCKLEY, JJ., concur.