THE PEOPLE *ex rel.* William S. Dunderdale, Defendant in Error, *vs.* THE CITY OF CHICAGO *et al.* Plaintiffs in Error.

*Opinion filed October 22, 1927.*

1. MANDAMUS—*petitioner must show clear right to writ—office.* *Mandamus* is an extraordinary remedy and the petitioner must show a clear right to the writ, as it is not a review of the actions of an official or officials, only, but is a direction that such officials act, and where one claims the right to an office it must affirmatively appear that the office legally exists and that the petitioner is lawfully entitled to hold the same.

2. SAME—*petitioner claiming right to city office not created by statute must plead ordinance.* Courts will take judicial notice of offices created by statute, but where the office referred to in the petition is created by ordinance the petitioner must properly plead the ordinance and not his conclusions as to the creation of the office.

3. SAME—*petitioner cannot plead right to "office or position" in alternative.* A petitioner for a writ of *mandamus* cannot plead for re-instatement to an "office or position" in the alternative, as there

is a well defined distinction between an office and a position as they are considered in law, and where he has so pleaded for re-instatement to an "office or position" with a city, which office or position is not created by statute, he will be construed to plead the right to an office, and his petition will be held insufficient on general demurrer where he does not set forth the ordinance creating the office.

4. MUNICIPAL CORPORATIONS—*city office not created by statute must be created by ordinance.* While there is no statutory requirement prescribing the manner or method of creating a position or an employment by a city, offices other than those named in the statute must be created by an ordinance of the city passed by a two-thirds vote of all the aldermen elected, as provided by section 2 of article 6 of the Cities and Villages act.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. EMANUEL ELLER, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, and FRANCIS J. VURPILLAT, (CORA B. HIRTZEL, of counsel,) for plaintiffs in error.

A. D. GASH, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

On December 16, 1924, defendant in error, William S. Dunderdale, filed a petition in the superior court of Cook county praying for a writ of *mandamus* directed to the city of Chicago and the president of the board of local improvements to re-instate him as paving inspector and to pay him certain amounts as salary. Plaintiffs in error filed a demurrer to the petition. The demurrer was overruled, and, plaintiffs in error electing to abide their demurrer, the writ of *mandamus* was awarded and they were directed to re-instate defendant in error and pay him his salary, at the rate of $2100 per annum, for the periods from May 18, 1924, to August 22, 1924, from September 4, 1924, to December 5, 1924, and from December 6, 1924, to the date

of the order, amounting in all to $1000. An appeal was taken by plaintiffs in error to the Appellate Court, where the judgment of the superior court of Cook county was affirmed, and the cause comes here on a writ of *certiorari.*

The petition avers that on November 10, 1914, the petitioner took the civil service examination for the "office or position" of paving inspector in the city of Chicago; that he passed the examination and became entitled to be posted on the eligible register for "said office;" that his name was posted on the eligible register by the Civil Service Commission for said "office or position;" that on September 13, 1915, he was duly appointed to the "office or position" of paving inspector, and remained, and still remains, in said "office or position;" that on February 1, 1924, there was appropriated by the city council of the city of Chicago in its annual appropriation bill $2100 for said "position or office," payable at the rate of $83.33 bi-monthly after deducting the amount due the pension fund; that from May 18, 1924, to August 22, 1924, from September 4, 1924, to December 5, 1924, and from December 6, 1924, to the date of the petition, without any fault on the part of the petitioner, he was not permitted to work in said "office or position" of paving inspector; that he was not laid off for lack of work or other good cause; that many other paving inspectors junior to him upon the civil service register were retained and paid the salaries for said periods; that during the time in question he was willing and able to do the work of the "position," except that from May 20, 1924, to July 3, 1924, owing to a sprained ankle, he was under the care of a physician and not permitted to stand or walk on the injured foot; that he notified John B. Hittel, chief street engineer, his immediate superior, and John J. Sloan, president of the board of local improvements, of his illness; that on June 25, 1924, charges were preferred and filed before the Civil Service Commission charging him with being absent without leave from May 17, 1924, to

June 25, 1924; that he was notified of said charges; that the matter came on for hearing before the Civil Service Commission, and on July 23, 1924, the commission entered an order that the evidence in support of the charges was insufficient to warrant his removal, and recommended that he be penalized by the loss of salary for thirty days' suspension. The petitioner further states in his petition that on August 22, 1924, he was permitted to resume his work but was again suspended on September 4, 1924, for thirty days; that certain charges preferred on October 8, 1924, were mailed to him at 344 North Lockwood avenue, a place where he had not lived since April 24; that he at that time lived at 618 Dole avenue and had notified the respondents of the change of his address; that he did not receive the charges of October 8, 1924; that the respondents have systematically since September 4, 1924, filed charges each thirty days and suspended him for thirty days at each of said hearings, contrary to the Civil Service law; that afterwards, on November 7, 1924, he was again charged before the Civil Service Commission, which charge was as follows: "Charges suspension for thirty days by order of Civil Service Commission and ordered to report for duty on November 4, 1924; failed to report on November 4, 1924, and has not reported since, either by person or by telephone;" that a copy of those charges was served upon him and he was notified to appear before the Civil Service Commission on November 14, 1924, for trial; that on November 15, 1924, the board of local improvements sent him a letter informing him that he had been suspended for a period of thirty days from November 4, 1924, and directing him to report for duty on December 5, 1924, at the expiration of the suspension period; that on December 5, 1924, he received a letter from Hittel, chief engineer of streets, notifying him that "owing to lack of work you are laid off to-day, December 5, 1924," and directing him to turn in his badge and records; that on December 5, 1924,

there was work for paving inspectors and there still is work for him to do in his "office or position," and that the letter referred to was a subterfuge for the purpose of dispensing with his services.

Plaintiffs in error urge that the petition is insufficient, in that it does not show or allege the legal existence of the office of paving inspector and defendant in error's right to hold it. Defendant in error's reply to this argument is that the petition does not charge the existence of an office but rather the existence of a position. *Mandamus* is an extraordinary remedy. It is not a review of the actions of an official or officials, only, but is a direction that such officials act. It is necessary, therefore, that the petition and the proof show a clear right to the writ. Where one claims the right to an office it must affirmatively appear that the office legally exists and that the petitioner is lawfully entitled to hold the same. It is not enough that he was acting in an official character, but the petition must show that he was an officer *de jure* and not *de facto*. Courts will take judicial notice of offices created by statute, but where the office referred to in the petition is created by ordinance the petitioner must properly plead the ordinance and not his conclusions as to the creation of the office. This is essential to the granting of the relief sought by *mandamus*. *People* v. *Coffin,* 282 Ill. 599; *Gersch* v. *City of Chicago,* 250 id. 551; *Bullis* v. *City of Chicago,* 235 id. 472; *Moon* v. *The Mayor,* 214 id. 40; *McNeill* v. *City of Chicago,* 212 id. 481; *Stott* v. *City of Chicago,* 205 id. 281; *Illinois Central Railroad Co.* v. *Ashline,* 171 id. 313; *Louisville, New Albany and Chicago Railway Co.* v. *Shires,* 108 id. 617.

The petition in this case avers that the petitioner took the civil service examination for the "office or position" of paving inspector. Thereafter throughout the petition the place to which he seeks restoration is characterized as an "office," an "office or position," and a "position or office."

This is not an allegation that the employment is either an office or a position, and there is nothing in the petition which would distinguish it as either. While there is no statutory requirement prescribing the manner or method of creating a position or an employment by a city, offices other than those named in the statute must be created by an ordinance of the city, passed by a two-thirds vote of all the aldermen elected, as provided by section 2 of article 6 of the Cities and Villages act. The petitioner attempts by his petition to inform the court that he has been ousted from an office or a position. As there is a well defined distinction between an office and a position as they are considered in law, the petitioner will not be allowed to say that he has been filling one or the other. His employment has been in one or the other. His petition should state which, and if the former, should show the legal existence thereof by pleading the ordinance creating the same. The fact that he took a civil service examination and was appointed, and that the city council appropriated the sum of $2100 per annum to pay for the services rendered, is no more inconsistent with the existence of an office than with a position, but the distinction between the two recognized in the law will not admit of an alternative characterization. This being so, and the rule having been long established that pleadings, when put to a test of sufficiency, must be construed most strongly against the pleader, it seems clear that the petition was insufficient on general demurrer, and the superior court of Cook county should have sustained the demurrer thereto. The Appellate Court likewise erred in affirming the order of the lower court awarding the writ.

The judgment of the Appellate Court and the order of the superior court of Cook county are therefore reversed and the cause remanded to the superior court, with directions to sustain the demurrer to the petition.

*Reversed and remanded, with directions.*