Richard C. Howard, Appellee, v. Louis Mueller, Mayor of the City of Peoria, et al., Appellants.

Gen. No. 7,927.

Opinion filed February 15, 1929.

HARRY C. HEYL, Corporation Counsel, and ROBERT E. KAVANAUGH, City Attorney, for appellants.

GEORGE J. JOCHEM and GEORGE B. SUCHER, for appellee.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

Richard C. Howard, appellee, filed his petition for a writ of mandamus against appellants as officers of the City of Peoria to compel his reinstatement as a patrolman in the police department of that city and the payment of his salary as such patrolman. The petition alleges that on December 13, 1910, the City of Peoria adopted an ordinance creating a police department, embracing among other officers, 75 patrolmen and such other number of detectives and police patrolmen as thereafter from time to time should be fixed by the city council; that an act of the General Assembly, providing for a board of fire and police commissioners [Cahill's St. ch. 24, ¶ 958 *et seq.*] was adopted at an election held on April 5, 1910; that such board was thereafter appointed as by law provided, and that ever since the adoption of said act, said board has been maintained and still exists; that during the year 1922, petitioner applied to said board for an appointment as patrolman, successfully passed an examination as to his qualifications therefor, and was placed on the eligible list; that he was assigned to duty on September 20, 1922, and discharged the duties of patrolman from that time up to June 15, 1926, when the superintendent of police, without authority, summarily discharged him and caused his name to be removed from the roll of police officers of the city. The petition further alleges that no written charges were ever filed against him with said board and that no hearing has ever been granted to him upon any charges whatsoever.

Appellants filed an answer admitting the passage of the ordinance creating a police department, the adoption of the act relating to the board of fire and

police commissioners, and the appointment of said board. The answer denies all the other material allegations of the petition. A trial was had by a jury resulting in a verdict for petitioner. Judgment was entered upon the verdict. The City of Peoria was not made a party to the proceeding, and for that reason the trial court refused to permit the jury to pass upon the question of salary. No cross error has been assigned and the claim for salary has been withdrawn from this proceeding, and therefore that question is eliminated from this appeal.

Appellee testified that he passed the examination for patrolman in 1922; that he afterwards received his appointment as patrolman and went to work on September 20, 1922, continuing his duties until he was discharged on June 15, 1926. He filed an oath and bond as patrolman for each of the calendar years 1924 and 1925. He also filed his oath and bond as sergeant for the calendar year 1926. These bonds were approved by the city council and were admitted in evidence. None of them shows by what authority he was appointed, and they are the only oaths or bonds offered in evidence. The record shows that appellee was carried as a patrolman on the rolls which were certified by the chief of police to the city comptroller and that he was paid as a patrolman. The ordinance referred to in the pleadings provides: "Sec. 1455: Department Established.—There is hereby established an executive department of municipal government of the City of Peoria, which shall be known as the 'Police Department,' and shall embrace one Superintendent of Police, one Captain of Police, one Lieutenant of Police, three Sergeants of Police, one Roundsman, two Police Matrons, three Patrol Operators, four Detectives, seventy-five Patrolmen and such other number of Detectives and Police Patrolmen as hereafter from time to time be fixed by the City Council."

The only evidence in the record concerning appellee's appointment as a patrolman consists of his own testimony. No certificate of his appointment or record of the police department relating thereto was introduced or offered in evidence. There is no evidence in the record that appellee had ever been appointed as one of the 75 patrolmen mentioned in the ordinance, or that he was entitled to one of such 75 offices. Nor was it shown that additional offices had been created as provided by the order and that he held one of such additional offices. The provision in section 1455 above quoted, that the police department shall embrace such other number of detectives and police patrolmen as hereafter from time to time be fixed by the city council, cannot be regarded as creating any office of patrolman. (*Bullis v. City of Chicago,* 235 Ill. 472; *Moon v. Mayor,* 214 Ill. 40.) The carrying of appellee's name upon the payroll or the certification of the payrolls containing his name was not evidence of the legal existence of his office as police patrolman. (*Bullis v. City of Chicago, supra; Kenneally v. City of Chicago,* 220 Ill. 485.) If there was no such office as that which appellee was claiming to hold, it was wholly unnecessary to file charges against him before discharging him from the employment of the city. Under such a situation, he might be discharged at any time without cause and without notice. (*Bullis v. City of Chicago, supra.*)

Mandamus is an extraordinary remedy. It is necessary that the petition and the proof show a clear right to the writ. Where a petitioner claims a right to an office, it must affirmatively appear that the office legally exists and that the petitioner is lawfully entitled to hold it. It is not enough that he was acting in an official character, but it must be shown that he was an officer *de jure* and not *de facto*. (*People v. City of Chicago,* 327 Ill. 62; *Moon v. Mayor, supra; People ex rel. Sullivan v. Weber,* 86 Ill. 283; *Stott v. City of*

*Chicago,* 205 Ill. 281.) It was incumbent on appellee to show that he was one of the 75 patrolmen provided for in the ordinance, or that additional offices of patrolmen had been created and that he held one of such additional offices. The doctrine of estoppel does not apply to the facts in this record. (*Bullis v. City of Chicago, supra.*)

Appellants complain of the trial court's refusal to admit in evidence certain rules and regulations of the police department relating to qualifications of patrolmen. The offered evidence is not preserved in the record, and it is not suggested wherein such rules or regulations show that appellee was not qualified for the office at the time he claims to have been appointed. We are unable to say that the court erred in excluding the evidence.

Testimony was offered by appellant to show that appellee waived the filing of written charges, notice to him, and a hearing on the charges. The trial court refused to admit the testimony and also refused an instruction relating to the question of waiver. Appellee failed to prove that he was an officer *de jure.* Until such proof was made, evidence on the question of waiver was immaterial. If upon another trial appellee's incumbency as an officer *de jure* is established, then evidence tending to prove such a waiver would be competent. (*People ex rel. McLaughlin v. Board of Police Com'rs of City of Yonkers,* 174 N. Y. 450, 67 N. E. 78.) But a party may waive the advantage of a statute intended for his sole benefit. (*Phelps v. Phelps,* 72 Ill. 545.)

On March 1, 1926, after a hearing before the board of fire and police commissioners, appellee was reduced in rank from sergeant and suspended 30 days. He did not report to the board at the end of his suspension, or thereafter, although he went on duty as a patrol-

man. He filed no bond or oath as patrolman after his suspension, and the only bond he filed for the calendar year 1926 was his sergeant's bond above mentioned.

Appellants offered in evidence an ordinance requiring each patrolman before entering upon the duties of his office to give a bond in the sum of $1,000 with surety to be approved by the city council. It is urged that the trial court erred in refusing to admit the ordinance in evidence. The petition in this case prays for appellee's reinstatement as a patrolman. The record does not show that the offices of sergeant and patrolman are alike in duties or in any other respect. It is urged by appellee that the term "Policeman" in its generic sense includes every member of the police force, whatever be his grade or rank; that a police captain is a policeman, notwithstanding his superior rank, but this can be true only when it is used alone as a generic term, and as descriptive of the whole police force, officers as well as men, and not when officers and men are carefully segregated from each other in apt terms of distinctive organization. (*State ex rel. Crow v. Vallins*, 140 Mo. 523, 41 S. W. 887; 43 C. J. 762.) At the time of appellee's suspension, he had been reduced to the rank of patrolman. A suspension from office makes the one suspended ineligible for the remainder of the same term until his reinstatement or the withdrawal of the charges. (*State v. Dart*, 57 Minn. 261; 59 N. W. 190; 29 Cyc., Officers, pages 1405, 1406.) The office becomes as to the person suspended for the time being as though it did not exist.

The record does not show that appellee was ever reinstated after his suspension or that the charges upon which he was suspended were ever withdrawn. It is therefore apparent that until his reinstatement or the withdrawal of such charges, he was not from the time of his suspension a patrolman *de jure*. Appellee never qualified as a patrolman for the year 1926, and we are of the opinion that the court erred in refusing

to admit the ordinance in evidence and to instruct the jury as to its effect.

For the errors above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*