William C. Burley et al., Appellants, v. Harry E. Barber et al., Appellees.

Gen. No. 8,974.

Opinion filed June 3, 1936. Rehearing denied October 6, 1936.

McCarthy & Toomey, of Chicago, and James T. Whitley, of Decatur, for appellants; Frank A. McCarthy, John E. Toomey and James C. O'Brien, Jr., of Chicago, of counsel.

W. J. Carey and S. Everett Wilson, both of Decatur, for appellees.

Mr. Presiding Justice Davis delivered the opinion of the court.

The city of Decatur, Illinois, adopted the commission form of government on January 19, 1911, and at the time of the filing of the petition herein, and prior thereto, had a population of not less than 7,000 and not more than 200,000, and an act of the legislature to provide for the appointment of a board of fire and police commissioners in all cities coming within such limits of population and prescribing the duties and powers of such board was in full force and effect. Prior to April 16, 1935, a certain number of legal voters of said city, and more than 20 per cent of the legal votes cast at the last preceding general municipal election, petitioned the proper officials of said city to submit to the voters at the next succeeding regular municipal election the question as to whether the city of Decatur should be subject to the provisions of said statute. Ch. 24, ¶¶ 958–977, Ill. State Bar Stats. 1935 (ch. 24, Smith-Hurd Ill. Ann. St., secs. 843–860).

On April 16, 1935, a majority of the voters at the municipal election held on that day voted to adopt the provisions of said statute, and the city council of said city canvassed the returns of said election and certified, on April 19, 1935, that a majority of all the votes cast was in favor of the adoption of said proposition. At said same election Harry E. Barber was duly elected mayor of said city, and Walter Rugh, John Rehfelt, Beecher Hughley and Ralph G. Long were duly elected commissioners.

The mayor and city council caused to be dropped from the police department pay roll William C. Burley and 13 other persons, petitioners and appellants herein, and discharged them as policemen of said city, and, on May 15, 1935, the city council appointed Othello Daley, George Flint and Orville S. Smith the board of fire and police commissioners of said city.

William C. Burley and the other petitioners and appellants herein filed their petition for a writ of mandamus, making Harry E. Barber, mayor, the council of the city of Decatur, Joshua S. Cooper, chief of police, and the board of fire and police commissioners of the city of Decatur, respondents.

Defendants filed their motion moving the court to dismiss said cause for the reasons that the complaint, as amended, is insufficient in law in the following particulars: that it fails to show that petitioners were officers *de jure* at the time of their dismissal; it fails to show a legally created and existing office that is designated as police officer; it does not show a legally created and existing office that is designated policeman or policemen; it fails to show that the number of policemen or police officers was ever fixed by ordinance or resolution of the city council; it does not allege that petitioners were ever reappointed and qualified after their first appointment, as required by the city ordinance set forth in said petition or by the Cities and Villages Act of the State of Illinois, Ill. State Bar Stats. 1935, ch. 24, ¶ 958 *et seq.;* it fails to show that any of defendants failed in their duties or did anything illegal under the Fire and Police Commission Act, nor does it show that petitioners were officers or members of the police department of the city of Decatur more than one year prior to the passage of the Fire and Police Commissioners Act, Ill. State Bar Stats. 1935, ch. 24, ¶¶ 958–977, and entitled to be discharged

only for cause after trial upon written charges by the fire and police commission.

On a hearing of said motion it was ordered by the court that said motion be allowed and the petition and amendment thereto was dismissed.

The petitioners alleged that on November 21, 1877, the city council of Decatur passed and approved an ordinance organizing and establishing the police department of the city of Decatur; that on November 15, 1900, it passed the following ordinance, which, among other things, created the office of city marshal and defined his duties, and created the office of captain of police and defined his duties, and then provided as follows:

## Police Department.

The mayor by and with the advice and consent of the city council shall annually appoint such number of policemen as the council may by ordinance or resolution determine to be necessary, who shall hold their offices for one year, or until their successors are appointed and qualified as hereinafter provided. The mayor and city council may, at any time, fill any vacancies that may occur in the police force. Then follows a provision requiring such policemen to take an oath and give a bond, and prescribes their duties.

Petitioners further allege, on the 19th of April, 1935, and for more than one year prior thereto, they, and each of the petitioners, were duly appointed and qualified and acting members of the police department of said city of Decatur and as such were subject to all the restrictions and entitled to all of the benefits under said act; that among the provisions of said act were matters and things contained in section 12 thereof, which provided that petitioners might only be discharged from their positions for cause and upon written charges and after an opportunity to be heard

in their individual defense, and that no person other than the commissioners mentioned in said act had the right, power, authority or jurisdiction to discharge your petitioners from their positions as police officers.

The petition further alleges that the mayor and city council unlawfully usurped the right of the board of fire and police commissioners; that at the time of the discharge of petitioners the mayor and city council had no jurisdiction over them and had no right, power or authority to discharge or drop their names from the police pay rolls of said city; that each of the petitioners had been continually employed as members of the police department of said city for more than one year prior to the adoption of the act concerning the board of fire and police commissioners; that the petitioners were removed and discharged as policemen without cause, without written charges and without any opportunity to be heard in their own defense and were barred of their legal rights as provided by said act with reference to the adoption of the law with regard to the board of fire and police commissioners.

The petition further alleges that, by reason of the facts contained therein, petitioners had been denied their legal rights; that they had been and are now denied their rights to exercise the functions and duties of policemen of said city and to enjoy and receive the salary pertaining to said office; that the petitioners have been denied equal protection of the law; that they were kept out of said offices, to which they are legally entitled; that the petitioners, and each of them, are entitled, as members of the police department of said city, to all of the benefits and protection afforded by the after-mentioned statute; and particularly to the protection and benefit of said act governing the removal or discharge from their positions.

It is contended by appellants that they, for more than a year prior to the adoption of the Fire and

Police Commission Act were police officers and that if petitioners were members of the police department and were *de jure* police officers at the time of the adoption of the act they were entitled to continue in office until written charges were preferred against them and until they were afforded an opportunity to present their defense before being removed.

It is further contended that the ordinances of the city of Decatur created the office of policemen; that under such ordinances the petitioners were *de jure* officers of the city of Decatur, yet it is admitted by petitioners that if petitioners were merely employees of the city, the provisions of the Fire and Police Commission Act would not apply and they could be dismissed at the will or whim of the mayor and city council.

It is also contended by petitioners that the legislature intended by the provisions of ch. 24, ¶ 969, Ill. State Bar Stats. 1935 (sec. 854, ch. 24, Smith-Hurd Ill. Ann. Stats.) that all members of the police department who had been such for one year prior to the adoption of the act by the city came within the terms of section 12 of the act; that the words, "who shall have been such for more than one year prior to the passage of this Act," should be construed to mean "who shall have been such for more than one year prior to the adoption of this Act."

This act was originally passed by the legislature in 1903. Section 12 of the act provides, among other things, that no officers or members of the fire or police department of any such city who shall have been such for more than one year prior to the passage of the act or who shall have been appointed under the rules and examination provided for by this act shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense.

The intent of the legislature is clear, and only such officers or members of the police department who have been such for more than one year prior to the passage of the act by the legislature, or who had been appointed under the rules and examination provided for by the act, could not be removed or discharged except for cause, and upon written charges, and after an opportunity to be heard in their own defense, and the contention of the petitioners that the language, "who shall have been such for more than one year prior to the passage of the Act," should be construed to mean "who shall have been such for more than one year prior to the adoption of this Act," is without merit.

The city of Decatur never created the office of police officers or policemen. There is an ordinance of said city which provides that: The mayor, by and with the advice and consent of the city council, shall annually appoint such number of policemen as the council may by ordinance or resolution determine to be necessary, who shall hold their office for one year, or until their successors are appointed and qualified as hereinafter provided. The language of this ordinance did not create the office of policemen. *Moon v. Mayor*, 214 Ill. 40.

As is said in that case: It is not sufficient to entitle appellants to the writ that it should appear from the petition merely that petitioners were *de facto* police officers. Petitioners assert the right based upon their alleged official character to exercise the duties and authority of police officers and to receive the salary therefor. "The rule is, that when one claims rights as an officer by virtue of his office, it must appear that the office legally exists, and that he is lawfully entitled to hold the same and exercise the duties and powers thereof. He must show that he is an officer *de jure*. It is not enough that as to the public or as to third persons he is acting in an official character, and as to

them his acts, in his official capacity, have the force and virtue of the acts of an officer *de jure.*"

It was therefore essential that the petition should show that the petitioners were officers *de jure* and not merely *de facto* policemen. It does not appear from the petition that the office which appellants claim the right to hold and exercise had or has any legal existence.

Sec. 12 of the act gave the petitioners no protection under the facts alleged in the petition. Petitioners did not hold the office of policemen at least one year prior to the passage of the act; neither was it alleged that they were appointed under the rules and examination provided for in the act.

We are of opinion that petitioners have failed by their petition to show that they have a clear legal right to the relief sought. Neither the Fire and Police Commissioners Act by its provisions nor the allegations contained in the petition authorize the court to allow a peremptory mandamus against the defendants as prayed for in the petition.

The judgment of the circuit court of Macon county is therefore affirmed.

*Judgment affirmed.*