The People of the State of Illinois ex rel. Thomas D. Reilly, Appellee, v. City of Kankakee et al., Appellants.

Gen. No. 9,097.

Opinion filed January 18, 1937.

T. R. JOHNSTON and VICTOR N. CARDOSI, both of Kankakee, for appellants.

NOEL A. DIAMOND, of Kankakee, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

On June 12, 1936, the petitioner herein filed a petition in the circuit court of Kankakee county, praying for a writ of mandamus directed against the defendants, the city of Kankakee, mayor, clerk, treasurer and the members of the board of fire and police commissioners of the city of Kankakee, commanding them to reinstate the petitioner as a city fireman and to place him on the payroll of the fire department of the city as of May 4, 1933. By an ordinance adopted in 1898, the city of Kankakee established a fire department and created the offices of one chief, one assistant chief and 10 firemen in that department. On September 4, 1928, the voters of the city adopted the Fire and Police Commissioners' Act. (Ill. State Bar Stats. 1935, ch. 24, ¶ 958 et seq.; Jones Ill. Stats. Ann. 21.711; Smith-Hurd Ill. Rev. Sts., ch. 24, ¶ 838 et seq.) On June 7, 1933, the petitioner filed his oath and bond as a city fireman. He served continuously as a fireman from August 5, 1933, to May 4, 1935, and received a fireman's salary from the City during that time.

A person claiming rights as an officer by virtue of his office and seeking payment for salary of a public officer, by mandamus, must show that he is an officer *de jure,* and not merely an officer *de facto.* (*Moon v. Mayor,* 214 Ill. 40; *Wilcox v. City of Chicago,* 107 Ill. 334; *City of Pekin v. Industrial Commission,* 341 Ill. 312; *Schmitt v. Dooling,* 145 Ky. 240, 140 S. W. 197.) Counsel in the case agree that the case turns on the question whether the petitioner has by competent evidence established his appointment as a *de jure* officer and shown a clear legal right to the writ. The circuit judge, after hearing evidence, ordered the writ issued as prayed in the petition.

It is contended by the defendants, as an error relied upon for reversal of the case, that the order is based on evidence *aliunde* of the records of the board of fire and police commissioners and that the ordinance of 1898 provided for 10 firemen, and the petitioner has not shown that he is one of the 10 provided for in the ordinance.

The parties have stipulated that on May 26, 1933, the petitioner took the examinations for city fireman as required by the rules and regulations of the board of fire and police commissioners of the city. They have further stipulated that certain men, whose names are stated in the stipulation, were legally appointed officers and members of the fire department on May 2, 1927, by the mayor and city council and that they continued as such to and including June 6, 1933. The petitioner claims that on June 7, 1933, he was informed by the board that he had successfully passed the examinations, and on August 5, 1933, the board appointed him a permanent member of the fire department. It is a matter of controversy between the parties if the records of the board of fire and police commissioners show the appointment of the petitioner, or any firemen, since June 6, 1933.

On May 1, 1935, the mayor demanded the resignations of the members serving on the fire department, including the petitioner. They refused to resign and the mayor attempted to appoint other men to fill their places. From May 1, 1935, to May 4, 1935, the members whose resignations had been demanded and the men, appointed by the mayor, claiming to be city firemen, all responded to fire alarms. This state of affairs, the old members of the fire department have now attempted to remove, by 14 of them, including the petitioner and one other not an old member, filing separate petitions of mandamus for right to be reinstated as firemen, or to be placed on the eligible list. The petitioner's case is the first one of 14 to be appealed to this court, although we were informed on oral argument before us that an appeal has been perfected in one of the other cases.

The action of the mayor asking for the resignations of the members of the fire department and naming other members thereon, was taken on May 1, 1935, and on May 4, 1935, the board of fire and police commissioners passed a resolution bearing on the subject. This board was appointed by the mayor on May 2, 1935, and the answer of the defendants' states that the term of office of one of the members had expired; that one of the two remaining members had failed to qualify as a commissioner, and that only one member was removed when the board was appointed on May 2, 1935. It is not contended that this new board was not legally appointed or constituted.

The resolution adopted by the new board is substantially as follows: That two groups of city firemen are now claiming the right to serve as firemen; that the records of the fire and police commissioners, as now appearing to us, do not show who are qualified members of the fire department; that section 11 of the Fire and Police Commissioners' Act, Ill. State Bar

Stats. 1935, ch. 24, ¶ 968; Jones Ill. Stats. Ann. 21.721, provides that the commissioners may in extraordinary exigencies make temporary appointments to remain in force until regular appointments may be made under the provisions of the act and not in any event to exceed sixty days; that in the opinion of the commissioners, an extraordinary exigency exists, because two sets of firemen are claiming the right to act as firemen. Be it resolved, that by virtue of said section 11, the following persons are hereby appointed temporarily to the following positions as firemen, until further action of the board, not to exceed sixty days, to wit: (naming officers and members of the fire department.) Be it further resolved, that a copy of the resolution be delivered to the mayor, secretary of the board and that a copy be served upon each claimant together with notice of the action of the board; that the action of the board, or of each claimant affected thereby, shall not be taken or construed as prejudicial to any right or defense that each of said claimants may have.

The officers and members of the fire department named in the resolution were the same persons appointed to those places by the mayor. A copy of the resolution was served on the petitioner. Five days before July 1, 1935, the petitioner was given a notice, signed by the fire and police commissioners, that a hearing would be held on July 1, 1935, in the mayor's office, at 10 o'clock, on petitioner's demand, dated June 7, 1935, for reinstatement as a fireman, at which time he might appear and show cause why he should be reinstated and why the board should not make his suspension permanent and discharge him on the ground that the board is unable to determine which, if any, of the firemen were legally appointed to the office of firemen. The petitioner did not appear at the hearing. At the trial of this case, he testified that he had filed his petition of mandamus before the notice

was served on him, and that after July 1, 1935, he received a notice stating that he was discharged as a city fireman for not appearing at the hearing held on July 1, 1935.

Paragraph eight is the material charging part of the petition. It alleges, in part, as follows: "That on June 7, 1933, your petitioner was notified that he had successfully passed the said examinations, and on said last mentioned date the said board of fire and police commissioners temporarily appointed your petitioner to the said position of fireman in the fire department of the City of Kankakee, and thereafter on August 5, 1933, the said board of fire and police commissioners appointed petitioner as a permanent member of the fire department of said City in the position of fireman thereof; that thereafter the said board posted a list of (roster) permanent members of said fire department, and the name of petitioner appeared thereon as one of the permanent members thereof."

The answer denies that the petitioner was temporarily appointed to the office of fireman, or that on August 5, 1933, he was permanently appointed a member of the fire department; that the board by its action of August 5, 1933, or at any time appointed petitioner a regular member of the fire department, and that no action was taken by the board at any time subsequent to August 5, 1933, and prior to May 1, 1935, relative to making appointments to positions as firemen. Answer further denies that the board posted a "roster of the permanent members of said fire department," and denies that petitioner's name appeared on such roster as one of the permanent members thereof.

The answer alleges that at the time of the alleged appointment of the petitioner to the office of fireman, there were no vacancies in the department to which petitioner was or could be appointed and that there were then serving in the department 10 firemen who

had been serving as members of the department for more than one year prior to the adoption of the Fire and Police Commissioners' Act by the defendant, city, and who were also serving as firemen at the time of such adoption of said act, and that such firemen were never discharged or removed under the rules of the board; that they were still serving at the time of the alleged appointment of the petitioner. The answer further alleges that on May 2, 1935, when the present members of the board were appointed to office, there was no so-called "roster" on file in the office of the board which showed that the petitioner had ever taken or passed any examination for a position in the fire department, or that the petitioner had ever been appointed on the department. The answer further alleges that neither the rules of the board nor the Fire and Police Commissioners' Act provides for the keeping of any "roster of permanent members," but alleges that the act provides that an "Eligible Register," shall be kept showing the results of all examinations taken before the board and containing the names of those who are eligible for appointment to positions in the fire department, and that such eligible register is not a "roster of permanent members." The answer also alleges that section 2, rule eight, of said board provides that a civil list shall be kept of all persons in the classified service, but that no eligible register or civil list was on file with the board on May 4, 1935, or kept by the board.

The answer denies that the petitioner was a *de jure* member of the fire department at or prior to the time that the petition of mandamus was filed, or that petitioner was ever appointed a fireman under the rules of the board or the provisions of the Fire and Police Commissioners' Act.

The answer alleges that at the time of the alleged temporary appointment of the petitioner that the board

attempted to appoint 13 persons to the office of firemen, but that the ordinance creating the fire department then in force, provided for only 10 firemen; that it is impossible to determine which 10 of the 13 so named, were legally appointed firemen. The answer also sets forth, verbatim, the minutes of the board and that such minutes, or records, show the only action taken by the board relative to the appointment of petitioner to the office of fireman.

There was a replication filed and the issue was made whether the records of the board show the appointment of the petitioner, a city fireman, as alleged in his petition for mandamus.

We state at this point that while the stipulation of the parties admits that the petitioner took the examinations for city fireman, as required by the rules and regulations of the board, it is contended by the defendants that there is no record of the board showing, by reason of the petitioner having taken the examinations, that he was appointed either temporarily or permanently a city fireman. This point of the absence or existence of a record of the board showing appointment of the petitioner is a matter of dispute between the parties.

Section 14 of the Fire and Police Commissioners' Act, Ill. State Bar Stats. 1935, ch. 24, ¶ 971; Jones Ill. Stats. Ann. 21.724, provides as follows: ''Such board may employ a secretary, or may designate one of its own members to act as such. He, as such secretary, shall keep the minutes of its proceedings, shall be the custodian of all papers pertaining to the business of such board, keep a record of all examinations held and shall perform such other duties as such board shall prescribe.'' The board appointed the city clerk of Kankakee, secretary of the board.

The petitioner was the first witness at the hearing of the case. He testified that on June 7, 1933, the

chairman of the board said that, "I was placed on the fire department." This testimony was objected to as not being the best evidence. The court held that the record of the board was the best evidence to prove the appointment of the petitioner as fireman, but took under advisement a motion to strike the answer of the petitioner from the record. Thereupon, the petitioner called the deputy city clerk as a witness, who identified certain records and documents. At the conclusion of her testimony, they were introduced in evidence as petitioner's exhibits and will be referred to by number, as they appear in the record. No. 2 is the examination paper and answers, dated May 26, 1933. No. 3 is covered by stipulation of the parties which recites, "Petitioner's name is registered as No. 126, as applicant for examination to be held by fire and police commissioners on May 26, 1933, at City Hall Building at Kankakee; that register of names is kept by secretary of the commission for purpose of registering applicants for positions." No. 4 is an application by petitioner for a position on fire department. No. 5 is a medical examination, report on physical condition of petitioner.

Petitioner's exhibit No. 6 is the minutes of the meeting of the board of fire and police commissioners held August 5, 1933, the material part of which is as follows: "Moved by Member Klaiss, seconded by Member Halsey, that the police and firemen be given permanent assignments except John Berg, who was to be made chief. Motion carried."

Petitioner's exhibit 7 is headed, "Roster of firemen and their Percentages." . . . Thos. Reilly, (Petitioner) 92%; lists 14 others having a passing grade of 70% or more. Roster signed, "Fred C. Klaiss, Fire and Police Commissioners." Exhibits 8 and 9 are respectively the oath and bond of the petitioner as city fireman.

The deputy clerk testified that exhibits 4 and 5 were not in the possession or keeping of the city clerk, as secretary of the board, at any time until June 7, 1935, but that one of the commissioners brought them to the clerk on that day. The deputy testified that she did not know whether the name "Fred Klaiss" appearing on the roster was in the commissioner's handwriting or not.

It is to be recalled that on August 5, 1933, the board passed a motion, "That the police and firemen be given permanent assignments." The defendants introduced in evidence the minute book of the board, which is the only record of the board expressly relating to the appointment of city firemen from June 7, 1933, to May 4, 1935. There are no minutes of the board showing the appointment of firemen except the minutes of the meetings of the board held on June 7, 1933, and August 5, 1933. The minutes of the meeting held on June 7, 1933, state: "Upon motion of Member Klaiss, seconded by Member Halsey, that the following men be assigned to temporary duty as follows: Motion carried." Thirteen men were named as firemen in the motion, as shown by the minutes of the meeting of June 7, 1933, two of them as extra firemen. The petitioner was not named in the motion or minutes as one of the firemen assigned to temporary duty. The 13 men thus named in the motion, were selected from the "Roster of Firemen and their Percentages." Three of the 13 men thus assigned to temporary duty as firemen, were designated in the motion as "Captain." The parties have stipulated that the ordinance of the city did not provide for the position of captain in the fire department. Ten of the men named in the motion have filed petitions for writs of mandamus to compel the board to place them on the fire department or on the eligible list thereof. The status of the other four petitioners for writs of the same character do not ap-

pear in the record, excepting that of the petitioner now before this court.

It is the contention of the petitioner that on May 4, 1935, the day on which it is alleged the petitioner was suspended, he was a *de jure* officer, and in support of this contention he relies on the exhibits introduced in evidence by him. ''We contend,'' it is stated by counsel for the petitioner, ''that on August 5, 1933, the petitioner qualified to be appointed as a fireman inasmuch as he had passed the examinations given by the commissioners, and had filed his bond and oath, and, although the resolution of August 5, 1933, does not name the firemen appointed, we contend that the action taken on that day by the commissioners is sufficient to establish that the petitioner was duly appointed to the office of fireman.''

As applicable to this case, we are of the opinion that official action can be taken by the board of fire and police commissioners only at an official meeting of the board and its records are the only lawful evidence of its action, which record cannot be changed by parol. *People v. Chicago & E. I. Ry. Co.*, 306 Ill. 402; *Combs v. Bonnell*, 33 Ky. L. 219, 109 S. W. 898; *Jones v. Doherty* (Tex. Civ. App.), 56 S. W. 596. The facts that the petitioner passed the examinations of the board of fire and police commissioners required of applicants for firemen, and gave bond and took the oath as a fireman, do not estop the defendant, city, from denying that he was a *de jure* officer, nor affect the legal rule that he must show his appointment by the records of the board. *Kenneally v. City of Chicago*, 220 Ill. 485; *Howard v. Mueller*, 252 Ill. App. 10.

It is further argued by petitioner's counsel, ''That in view of all other evidence in this record, especially all the records of the proceedings as shown in the minutes of the commissioners, petitioner's Exhibit 7,

fairly reflects the proceedings had by the commissioners and that it does not supplement any record and is a record within itself." Exhibit 7 is the "Roster of Firemen and their Percentages." This roster is not a record of the board showing the appointment of the petitioner as a city fireman. There is not anything in the records of the board showing that petitioner was ever appointed a city fireman and the allegations of the petitioner with reference to his temporary and permanent appointment as a fireman are not sustained by the evidence.

The judgment of the circuit court is hereby reversed.

*Reversed.*