Clement Reed et al., Appellants, v. City of Peoria et al., Appellees.

Gen. No. 9,815.

Opinion filed February 24, 1943. Rehearing denied April 15, 1943.

LONDRIGAN & LONDRIGAN, of Springfield, and LEO F. CAVANAUGH, of Peoria, for appellants.

J. EDWARD RADLEY, Corporation Counsel, and C. E.

McNemar, Assistant Corporation Counsel, for appellees.

Mr. Justice Wolfe delivered the opinion of the court.

On January 13, 1942, the four appellants Clement Reed et al., filed their petition for the writ of mandamus directed to the mayor, chief of the fire department, members of the board of fire and police commissioners and the city comptroller of the City of Peoria to reinstate the appellants, hereafter called petitioners, as members of the fire department of the City of Peoria.

On April 5, 1910, the electors of the City of Peoria adopted the provisions of the Fire and Police Commissioners Act which provided for the appointment of a board of fire and police commissioners in cities (villages and incorporated towns) of this State having a population of not less than 7,000, nor more than 200,000, and prescribed the powers and duties of such board. (Laws of 1903, p. 97; ch. 24, par. 543, *et seq.*, Ill. Rev. Stat. 1939.)

The respondents filed a motion to dismiss the petition stating two grounds therefor, which in this court are the chief points of contention between the parties. It is stated in the motion: (a) "The petition does not set forth the facts as to the adoption of the city ordinance creating the offices held by petitioners, nor does it show their successive nominations to their alleged offices and confirmations therein, nor does it in any manner show any facts that they are the legally qualified successors of any former officers, nor does it allege any facts to specifically show that any such former firemen were legally appointed. (b) The petition does not set forth any fact upon which this court can determine as to whether or not at any time since the Act relied upon by them in said petition was passed, that any fireman was ever legally appointed as a de jure officer."

Before the hearing on the motion the parties agreed, in open court, that upon a decision of the trial court on the motion they would stand by their pleadings, and that the decision should be conclusive upon the merits of the case. The motion was sustained and an order entered dismissing the petition.

The trial judge stated his reasons for sustaining the motion, and the same has been incorporated in the record. It is mentioned in the statement, first, that the petition fails to state that the office of city fireman was created by an ordinance of the City of Peoria, and since there is no such office, the petitioners are not *de jure* officers, and the writ of mandamus will not be granted to reinstate a person to an office who is not a *de jure* officer. Second, after quoting section 12 of the Fire and Police Commissioners Act, the court further stated that the section does not obviate the necessity of an ordinance creating a fire department and designating the number of members thereof to make operative the provisions of the act, and constitute the members *de jure* officers.

Section 12 of the act was amended in 1937 by adding a paragraph thereto, as follows: "The term officer or members of the fire or police departments of such city, village or incorporated town as used herein shall include all officers and members of the fire and police department of such cities, villages, or incorporated towns who shall have been employed as regular members of such fire or police department for more than one year. Such regular employment for more than one year shall constitute such officers or members city officers." Ill. Rev. Stat. 1939, ch. 24, par. 854. In 1941 the act was again amended (Ill. Rev. Stat., ch. 24, sec. 14—11, p. 375 [Jones Ill. Stats. Ann. 21.1377]) as follows: "All officers and members of either the fire or police department of any municipality holding their positions by virtue of one of the methods specified in paragraph 1 of this section, are city officers and shall be entitled to the protection afforded by this article."

The act was amended in other particulars, but did not take effect until January 1, 1942.

Pertaining to that part of the statement referring to the necessity of creating a fire department and "designating the number of members" of the fire department, it should be stated that an ordinance of the City of Peoria, passed in 1910, fixed the number of the members of the fire department of the city. Attention is called to ordinances of the city. In 1910 an ordinance was enacted providing as follows: "Fire Department Created. There is hereby established an executive department of the municipal government of the City of Peoria, which shall be known as the Fire Department, and shall embrace one Fire Marshal, two Assistant Fire Marshals and such number of engineers, firemen, pipemen, drivers, truckmen and other employees as the City Council may, from time to time, by ordinance or resolution provide." Paragraph 786, chapter 22 of the Ordinances of the City of Peoria. Paragraph 817 was also included in 1910 in said chapter 22, as follows: "Firemen—Appointment. There shall be appointed Eighty-one firemen, who shall occupy such positions as may be designated by the Fire Marshal. Each fireman shall receive as compensation for his services the sum of eight hundred and forty dollars per year, payable in equal weekly installments upon the regular pay days established by the City Council."

On November 5, 1940, a new Municipal Code was adopted by the City of Peoria. The provisions of the code relative to the fire department of the city are set forth in the brief and argument of the petitioners. That these provisions of the ordinance establish and create a fire department of the City of Peoria, cannot be doubted. They prescribed the duties of the fire department and the fire marshal; grant authority to the fire marshal, or any subordinate in command at a fire, if such action is necessary to prevent the spread of

fire or the public safety requires it, authority to demolish property at a fire. Other provisions of the code are inconsistent with the idea that the City of Peoria has not created a fire department. The City of Peoria by ordinance has established a fire department.

There is no ordinance of the City of Peoria creating the office of city fireman. (See, *Krawiec v. Industrial Commission*, 372 Ill. 560; *City of Metropolis v. Industrial Commission*, 339 Ill. 141.) The Fire and Police Commissioners Act provides that the commission shall appoint all officers and members of the fire and police department. The appointments of the petitioners by the commission is not denied. Three of the petitioners were appointed members of the fire department on September 1, 1937, and the other, on October 1, 1939, and they served on the fire department from the date of their appointments until July 5, 1941, when they were discharged by the commission contrary to the provisions of the Fire and Police Commissioners Act. (*Reed v. Board of Police & Fire Com'rs*, 316 Ill. App. 114 (Abst.) During the time of service of the petitioners, the city council of Peoria appropriated money to pay the salaries of the members of its fire department, and the petitioners received salaries as city firemen.

The allegations of the petition for the writ of mandamus need not be stated in detail. It asks for the writ to reinstate the petitioners to their positions on the fire department of the City of Peoria. The petition also alleges that under section 12 of the Fire and Police Commissioners Act, providing that, ''Such regular employment for more than one year shall constitute such officers or members city officers,'' the petitioners thereby became city officers.

Before the amendment of 1937 to section 12 of the Fire and Police Commissioners Act, it was held that a city policeman who filed a petition for the writ of mandamus to be reinstated to his office as a police-

man, must allege and prove that the office of city policeman had been created by an ordinance of the municipal corporation which had appointed him. (See *Stott v. City of Chicago,* 205 Ill. 281; *Moon v. City of Champaign,* 214 Ill. 40; *Bullis v. City of Chicago,* 235 Ill. 472; *Howard v. Mueller,* 252 Ill. App. 10.) The Supreme Court before 1937 pointed out the difference between an officer and an employee of a municipal corporation. (*People v. Coffin,* 282 Ill. 599.) It was also held that where a petition for a writ of mandamus pleads for reinstatement to an ''office or position'' with a city, the petition will be construed to plead the right to an office. (*People v. City of Chicago,* 327 Ill. 62.) It was held in some of the foregoing cases that the office of policeman was unknown to the common law and that such office was not created by statute. The question of a policeman securing the protection of the Fire and Police Commissioners Act to be reinstated to membership on a police force became involved and rather dubious. (See *Howard v. Mueller, supra; O'Brien v. Frazier,* 228 Ill. App. 118.) The cases are in conflict on the query if a city fireman is a municipal officer. (*State v. Jennings,* 57 Ohio St. 415, 49 N. E. 404, 63 Am. St. Rep. 723; *People v. Pickney,* 32 N. Y. 377; *Cobbs v. Home Ins. Co. of New York,* 18 Ala. App. 206, 91 So. 627; *Schmitt v. Dooling,* 145 Ky. 240, 140 S. W. 197, 36 L. R. A. (N. S.) 881; *Terrell v. Louisville Water Co.,* 127 Ky. 77, 105 S. W. 100.)

The question, if there be one, whether or not a city fireman is an employee or an official, or officer, under the Workmen's Compensation Act is not before us. The last sentence, amendment of 1937 to section 12 of the Fire and Police Commissioners Act cannot be ignored; there is a sound historical reason for its enactment. The amendment, viewed with its historical background, we deem should be construed to give the protection of the courts to firemen and policemen.

The purpose of the amendment of 1937 was to remove an ambiguity caused by a reference in the original act to the passage of the act, as appears in the emergency section, or clause, of the amendment. (Laws of 1937, *People ex rel. Palzer v. City of Kankakee,* 293 Ill. App. 640 (Abst.); *Burley v. Barber,* 286 Ill. App. 486; Smith-Hurd's Ann. Stats. 1939, ch. 24, sec. 854.) Also it was the intention of the legislature, by the amendment to give city firemen and policemen the status of municipal, or city officers, to the extent of making them eligible to apply to the courts for an examination and protection of their rights under the act. This is our construction of the amendment so far as pertinent to the case at bar.

In any event, the Supreme Court has never held that a policeman cannot be an employee of a municipal corporation. (*City of Metropolis v. Industrial Commission,* 339 Ill. 141.) The writ of mandamus is not to be refused on the sole ground that the petitioner asks that he be restored to his position as an employee as distinguished from an officer of a municipal corporation, *People v. Coffin,* 282 Ill. 599. The contention that the petition does not allege that there is an ordinance of the City of Peoria creating the office of city fireman, cannot be sustained.

The following allegations are admitted by the motion to dismiss the petition: That at the time of the petitioners' appointment and for many years prior thereto, there were more than 100 members serving on said fire department of said City of Peoria who had been appointed by the board of fire and police commissioners, and for whom the city council annually appropriated salaries as members of said department; that at the present time there are 120 members of said department regularly employed and paid by the city; that the city council appropriated sufficient funds to pay the salaries of 127 members of said department,

including the petitioners for the fiscal year of 1941; that subsequent to your petitioners' attempted discharge, the said defendants have appointed 19 men as members of said department, all of whom are serving and being paid as members of such department.

The Fire and Police Commissioners Act provides that the board of commissioners shall appoint all officers and members of the fire and police department; that all appointments to such department other than that of the lowest rank, shall be from the rank next below that to which the appointment shall be made; that the board of commissioners shall, by its rules provide for promotion in said departments on the basis of ascertained merit and seniority in service and examination, and in all cases, where it is practicable, vacancies shall be filled by promotion. (Sec. 14—4, 14—9, ch. 24, p. 374, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 21.1370, 21.1375].)

Paragraph 817 of chapter 22 of the Ordinances of the City of Peoria, herein above quoted, is in conflict with the provisions of the Fire and Police Commissioners Act. Under that act positions on the fire department are not designated by the fire marshal. Paragraph 817 under the act is not an effective, practicable and constructive method for the organization and operation of a city fire department. The provision of paragraph 817 that the fire marshal shall designate the positions of the members of the fire department of the city is so interwoven and ingrained with the requirement that there shall be 81 members of the fire department that the entire paragraph must be held in conflict with the Fire and Police Commissioners Act, and therefore is void.

The petition for the writ of mandamus directing that the respondents restore the petitioners to their positions as city firemen and that the City of Peoria pay their salaries from the date of their discharge until

their reinstatement as city firemen should have been granted.

The order of the circuit court of Peoria county dismissing the petition is reversed and the cause remanded to that court with directions to overrule the motion to dismiss the petition.

*Reversed and remanded with directions.*