**Robert E. Spencer, Appellee, v. City of Peoria et al., Appellants.**

**Gen. No. 9,938.**

Opinion filed April 27, 1944.

J. Edward Radley, Corporation Counsel, and C. E. McNemar, Assistant Corporation Counsel, for appellants.

McGrath & Copeland, of Peoria, for appellee.

Mr. Justice Huffman delivered the opinion of the court.

Appellee brings mandamus to compel restoration to office as First Assistant Fire Marshal and for back pay during the time he claims to have been illegally ousted from such office. He makes the City of Peoria, a municipal corporation, Edward N. Woodreff, Mayor; Patrick W. Malone, Fire Marshal; Louis E. Kauffman, Comptroller; Lester J. Pratt, City Treasurer; John Buchele; and the Members of the Board of Fire and

Police Commissioners of said city, defendants. It was stipulated that the electors of said city in 1910, adopted the provisions of the Fire and Police Commissioners Act (Laws of 1903, p. 97; ch. 24, par. 543 *et seq.;* now designated as Article 14, ch. 24, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 21.1367 *et seq.*]); and has operated thereunder continuously since the adoption of said act.

Appellee alleges that he has been a member of the fire department of appellant city for approximately 16 years; that in May 1939, he was examined by the Board of Fire and Police Commissioners for the office of First Assistant Fire Marshal; that he passed such examination, was appointed and confirmed to said office, and qualified therefor by giving the required bond and filing oath. He further alleges that he continued to serve in said office up to and including May 6, 1941, on which date he alleges he was wrongfully and illegally ousted from such office and denied the right to further perform the duties thereof, by appellants; that he repeatedly requested to be permitted to resume such duties, but was denied such permission; that he notified the Board of Fire and Police Commissioners of the situation, and requested them to take such steps as necessary to enable him to resume and perform the duties of such office; that said board made no reply to such request nor took any action; that no written charges of any kind were ever filed against him for his removal or suspension from such office; that no hearing was ever had before the Board of Fire and Police Commissioners with respect to his suspension or removal from office; that said board had entered no order suspending him from office, finding him guilty of any charges as cause for his suspension or removal; and had entered no order for his discharge. Appellee alleges that he was ever ready, willing and able to perform the duties in connection with said office. He charges that he was illegally and wrongfully denied

the right to exercise the functions and perform the duties thereof and to receive the salary connected therewith. He prays that he be reinstated as First Assistant Fire Marshal of said city, and that he be reimbursed for the salary connected therewith for the time he was wrongfully and illegally prevented from performing the duties of such office.

The answer admits that appellee was the duly appointed and acting First Assistant Fire Marshal until the night of May 6, 1941, when it is alleged that he voluntarily abandoned said office, and failed to thereafter return and perform any duties in connection therewith. It is admitted that no charges were ever preferred against him and no claim is made that he was suspended or removed from office by the Board of Fire and Police Commissioners.

The court found that appellee had been illegally and wrongfully ousted from said office and thereby deprived of the right to perform the duties and receive the salary connected therewith. Writ was ordered issued commanding appellants to reinstate appellee as First Assistant Fire Marshal, and that he recover the compensation connected with such office during the time he had been denied the right to perform the duties thereof. Appellants bring this appeal from said judgment.

Appellant city was experiencing a change of Mayors. The inaugural ceremonies for the incoming Mayor were held on the evening of May 6, 1941. A change took place that night in the offices of Chief Fire Marshal and First Assistant Fire Marshal. Two witnesses testified for appellants. They are the persons who on the evening in question assumed the duties of Chief Fire Marshal and First Assistant Fire Marshal. It appears from their testimony that they attended the inaugural ceremonies together. Later in the evening they proceeded to the central engine house where appellee was then on duty as the First Assistant Fire

Marshal. Mr. Patrick W. Malone assumed the office of Chief Fire Marshal, and Mr. John L. Buchele the office of First Assistant Fire Marshal. Mr. Buchele reached the central engine house at about 10:30 on the evening of May 6th. Mr. Malone arrived approximately ten minutes thereafter. Here conversations were had by the parties regarding their assuming the offices above indicated. Malone and Buchele testified regarding the conversation had between them and appellee at the time in question. The substance of this conversation was, that appellee wanted to know what they were going to do with him, and that they advised him they could tell him nothing, nor do anything; that he would have to see the Mayor and the Board of Fire and Police Commissioners, because they could not place him without orders either from the Commission or the Mayor. The testimony of Mr. Malone discloses that appellee came to him on numerous occasions with respect to resuming duty, and at such times he advised appellee the same as on the night of May 6th, which was to the effect that he had no authority to place him, or to do anything in regard to his case; that he had received no orders to put him to work, and that he would have to see the Mayor and Board of Fire and Police Commissioners. This situation continued until September 1941, when this suit resulted.

Mr. Malone states that he was advised by one of the Fire and Police Commissioners at three o'clock in the afternoon of May 6th, that he would be made Fire Marshal, and that the Mayor also advised him to the same effect, and told him to go over to the central engine house and take charge; and he did so on the evening of May 6, 1941, and that his salary as such officer began with May 7, 1941, and has continued since said date. He says that he knew Buchele was to take the office of First Assistant Fire Marshal held by appellee; that he obtained such information on the evening of May 6th, when he and Mr. Buchele were at the council meeting.

Buchele was a captain in the fire department. His testimony with respect to the conversation of appellee on the night in question corroborates that of Mr. Malone. He states that he took charge as First Assistant Fire Marshal on the night of May 6, 1941; that this was the position then held by appellee; and that his pay began with the succeeding day, as in the case of the chief.

Appellee testifies that pursuant to his conversation with Mr. Malone, he went to see the Mayor but was unsuccessful in securing an interview; that he waited all day until 7 o'clock in the evening; that he reported the situation to Malone, who told him to go back again, and that he would not be able to return to work until he had seen the Mayor. Appellee returned to the Mayor's office on the following day where he advised the Mayor that Mr. Malone had sent him over for instructions as to his returning to work. He says he advised the Mayor that he wanted to return to work, and that the Mayor told him to, wait a few days and come back and see him. Appellee reported the results of this visit to Chief Malone. Various trips were made by appellee to see the Mayor and to see the Chief, all of which proved to be unavailing so far as his being returned to the force.

Appellants urge that mandamus is not a proper remedy in this case. We are of the opinion it is. *People v. Dreher,* 302 Ill. 50; *People v. Thompson,* 316 Ill. 11; *Reed v. City of Peoria,* 318 Ill. App. 271.

Appellants also urge that a judgment awarding writ of mandamus to compel reinstatement to office cannot include the payment of salary, citing in this respect the case of *People v. Schmidt,* 281 Ill. 211. The rule announced in this case is not applicable when the relator has been illegally or wrongfully removed from office and the salary thereof paid to another who was illegally appointed in his stead. Under such circumstances, the officer so illegally or wrongfully removed may maintain an action of mandamus to compel his rein-

statement, and recovery of his salary during the period of his illegal removal. ''A judgment awarding the writ of mandamus to compel reinstatement in office may include a command to pay salary.'' *People v. Thompson,* 316 Ill. 11, 16, 17.

The judgment of the trial court is affirmed.

*Judgment affirmed.*