People of State of Illinois ex rel. Frank Siegal, Appellee, v. Harry K. Rogers et al., Appellants.

Gen. No. 43,742.

Opinion filed October 14, 1946. Rehearing denied October 28, 1946. Released for publication October 28, 1946.

Peter J. Struck, of Chicago, for appellants; Thomas A. Matthews, of Chicago, of counsel.

McCarthy, Toomey & Reynolds, of Chicago, for appellee; Frank A. McCarthy and John E. Toomey, both of Chicago, of counsel.

Mr. Justice Niemeyer delivered the opinion of the court.

The Village of Skokie (formerly the Village of Niles Center), its president, trustees, treasurer and clerk, and the members of its board of fire and police commissioners, respondents in a mandamus action, appeal from a judgment directing the reinstatement of the

relator to the position of member of the police department of the village and the payment of his salary as patrolman from the date of his discharge to the date of the judgment order.

Since 1906, through the transactions involved herein, the ordinances of the village (sec. 53) provided: "The Village Police shall consist of the regularly appointed Village Marshal, and such other deputy Marshals and special policemen as may be from time to time appointed by the President and Board of Trustees." At the regular village election of April 17, 1945, the Fire and Police Commissioners Act (Article 14 of the Revised Cities and Villages Act [Ill. Rev. Stat. 1945, ch. 24, par. 14—1 et seq.; Jones Ill Stats. Ann. § 21.1367 et seq.]) was adopted. At that time section 11 of the Act [Ill. Rev. Stat. 1945, ch. 24, par. 14—11; Jones Ill. Stats. Ann. 21.1377], so far as it is applicable here, provided: "No officer or member of the fire or police department of any municipality which adopts this article, who has held that position for more than one year prior to the adoption of this article by that municipality, . . . shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense." The section also provided that all officers and members of either the fire or police department of any municipality holding their positions by virtue of one of the methods specified in the section, which included the method above quoted, "are city officers and shall be entitled to the protection afforded by this article." On April 28, 1945, before the members of the board of the fire and police commissioners had been appointed and qualified, relator, who had been acting as a patrolman and member of the police department of the village since 1935, was discharged by the chief of police. No written charges were filed against him and no opportunity was given him to be heard in his own defense.

■■ Mandamus is an extraordinary remedy, and

one petitioning for such writ must show a clear and undoubted right to the relief demanded. *People v. Board of Review of Cook Co.,* 351 Ill. 301. Where one seeks restoration to an office he must show the legal existence of the office and that he is an officer *de jure* as distinguished from an officer *de facto. People v. Coffin,* 282 Ill. 599; *McNeill v. City of Chicago,* 212 Ill. 481. In instituting this action relator recognized the rule just stated. In the petition he sets out the provisions of the village ordinances relating to the police department, including the section quoted above, and asserts that he "has been a regular member of the Police Department of the village since 1935, having been then appointed by the President and unanimously confirmed by the Board of Trustees; that he occupied the office or position of patrolman constantly from 1935 up to the 28th day of April, 1945," when he was discharged by the chief of police. Respondents traversed these allegations. On the trial relator proved only that he was appointed to the police department by the mayor about May 1934. It is conceded that there is no evidence of any appointment of relator by the board of trustees. His position here is that "After the adoption of the Fire and Police Commissioners' Act by a municipality a discharged policeman is not required to show that he is a *de jure* officer of the village in order to secure reinstatement."

The statute as originally passed brought within its protection officers and members of the fire or police departments of any village adopting the Act "who shall have been such for more than one year prior to the passage of the Act." In construing that provision in a mandamus action the Supreme Court in *Moon v. Mayor of City of Champaign,* 214 Ill. 40, held "that it was not sufficient to entitle appellant to the writ that it should appear from the petition merely that the petitioner was *de facto* a member of the police department of the city," and that it was "essential that the

petition should show that he was an officer *de jure* and not merely a *de facto* policeman.'' In 1937 the section was amended by extending the protection of the Act to officers or members of the fire or police department ''who shall have been such for more than one year prior to the adoption of this Act by such city, village or incorporated town,'' and by providing that regular employment as an officer or member of the fire or police department for more than one year shall constitute such officers or members municipal officers. In a mandamus action to compel reinstatement to the police department of a village under the 1937 amendment the Appellate Court of the second district in *People ex rel. Mitchell v. Armspach,* 314 Ill. App. 573, held that the relator, not having been appointed by action of the president and board of trustees, as provided by the ordinances of the village there involved, was not a *de jure* officer and was not entitled to the writ.

Relator relies very strongly upon the case of *Reed v. City of Peoria,* 318 Ill. App. 271, also decided by the Appellate Court of the second district. We find no conflict between the two decisions. In the *Reed* case it was held that the purpose of the 1937 amendment was to remove an ambiguity caused by a reference in the original Act to the passage of the Act, instead of to the adoption of the Act by the city, village or incorporated town, and (p. 277), ''Also it was the intention of the legislature, by the amendment to give city firemen and policemen the status of municipal, or city officers, to the extent of making them eligible to apply to the courts for an examination and protection of their rights under the Act.'' In that case certain firemen were seeking reinstatement, asserting their right to office by virtue of having been regular members of the fire department for more than a year prior to the adoption of the Fire and Police Commissioners Act by the City of Peoria. Respondents, contending that

the petition should show that relators were legally appointed as *de jure* officers, moved to dismiss the petition. In granting the motion the trial court stated that the 1937 amendment did not "obviate the necessity of an ordinance creating a fire department and designating the number of members thereof to make operative the provisions of the Act, and constitute the members *de jure* officers." The Appellate Court reversed the judgment, holding that the allegations of the petition met the objections raised against it. The right of a *de facto* member of the fire department to reinstatement was not considered.

The board of trustees having failed to join with the president of the village in the appointment of the relator as a member of the police department, he was merely a *de facto* member of the department, subject to discharge at will, and not entitled to reinstatement. *People ex rel. Mitchell v. Armspach, supra.*

The judgment is reversed and the cause remanded with directions to enter a judgment denying the writ.

*Judgment reversed and cause remanded with directions.*

O'CONNOR, P. J., and FEINBERG, J., concur.